At this term, the opinion of the Court was delivered by
Parsons, C. J.
On examining the statute of replevins, it appears that six per cent, is there prescribed as the measure of damages in two cases. If the plaintiff shall fail to prosecute his suit, the defendant, on complaint, may have a return awarded, with his costs and damages, to the amount of six per cent, on the bond. This provision was made to save the defendant the expense and delay of going to a jury to assess his damages, and to mulct the plaintiff for abusing a legal process to take from another his chattels, when he would not prosecute his writ.
If the plaintiff has unlawfully replevied goods seised on execution, and the officer has judgment for a return, he shall also have his damages equal to six per cent, on the penalty of the replevin bond for the use of the creditor, as a punishment for unlawfully delaying execution. And it may be within the equity of this last case, if the plaintiff shall have unlawfully replevied goods duly attached upon original process, if execution has been thereby delayed.
As these are the only cases in which the statute has prescribed a measure for the defendant’s damages, in all other cases his damages must be assessed according to the magnitude of the injury he has sustained, agreeably to the rule of the common law. We therefore think that the direction of the judge was in this case right.
The defendant has moved that he may have his costs of the review, notwithstanding the jury have assessed less damages for him than were before assessed, on the ground that he has substantially prevailed in the cause.
The ninth section of the statute of 1784, c. 28, includes the general provision for costs; and it is there enacted, that in all actions, as well qui tarn as others, the party prevailing shall have his costs. In this review, the plaintiff has obtained a reduction of the former damages, and so far the judgment must be reversed for his benefit. If, on this ground, he is to be considered as the party prevailing, the motion cannot be granted, but the plaintiff must have his costs.
[ *617 ] *In the statute of replevins (1789, c. 66) no provision is expressly made respecting costs, but in two cases. When the first judgment is against more than one defendant jointly for damages, and all the defendants will not review, any one or more of them may review', and if the former judgment be reversed *541 in whole or in part, the defendants reviewing shall have their costs, as well as the damages they have erroneously paid. So if the first judgment was against several for several damages : each defendant may review, and on wholly or partially reversing the judgment as to himself, he shall have his costs, and the damages he has erroneously paid.
But no good reason can be assigned why costs should be given to some of the defendants, when some only review, and not to all the defendants, when all review, and reverse the judgment wholly or in part. For the same reason, when the plaintiff has been curtailed of his just demand by an erroneous verdict, if he review the cause, and have the error corrected by an increase of his damages, he ought to have the costs of his review. It has, therefore, been the immemorial usage in reviews of actions, in which debts, or damages, or lands, have been demanded, if the plaintiff has failed in recovering his just demand, or has recovered more in the original suit, to consider the party in whose favor the error has been corrected, as the prevailing party, and entitled to his costs.
Let us now consider whether replevin of chattels, in which the parties are at issue on the property, is within the principles on which this usage is founded. The plaintiff, having, by the service of the writ, obtained the possession of the goods replevied, prosecutes it to obtain judgment for damages and costs against the defendant for the caption and detention. These are the objects of his suit, and if he fails in all of them, surely he cannot be considered as the prevailing party.
But the defendant not only resists the plaintiff’s claims, but he also complains of an injury arising from the service of the writ. He demands back the chattels, with damages occasioned by the replevin, and his costs in the defence. If the defendant fails in his demands, he is not the prevailing party. If the plaintiff does not maintain his property, he must fail in * all his [ * 618 ] points, whether the defendant recover greater or less damages, for the taking and detaining of his chattels by the plaintiff. For the defendant’s demands arise in consequence of the unlawful replevin, and had no existence before the writ.
The plaintiff having failed in his action, in consequence of which the defendant has had judgment for a return and damages, he brings his writ of review to obtain relief from the errors in the first judgment. In his action of review, the same points are in issue as before; for, by the statute, the cause must be tried on the former issue, in the same manner as if ‘there had been no verdict. A icview, therefore, is substantially, though not formally, a new trial; and if the former judgment be reversed or amended, it is a legal *542 consequence of a different verdict. The plaintiff has, therefore, precisely the same allegations to prove, before he can obtain a verdict in his favor. If he fail in all his allegations, he cannot be said to be the party prevailing. And although he may have a less sum to pay the defendant, in consequence of his failure, than was assessed in the first verdict, yet he has not prevailed in his cause, because the defendant could have recovered no damages whatever, unless the plaintiff had wholly failed in his action.
The distinction between replevin and other actions, in which the plaintiff demands a debt, or damages, or lands, is very clear, because the magnitude of the debt or damages, and the quantity of the land, is involved in the plaintiff’s original demand, as well as his title to recover any thing. But in replevin, the demand of the defendant is founded on the legal process sued and prosecuted by the plaintiff. Therefore, in the other actions, if the plaintiff reviews, he cannot have costs, unless he supports his demand to more money or land than the former jury gave him. So, if he review in replevin, he cannot have his costs, unless the jury increase his former damages, or find his property in the chattels, which was negatived by the first verdict; but he cannot be considered as prevailing, only because the second jury may assess smaller damages for the defendant.
On this principle, if the replevin be for divers chattels, the property in all which is in issue, — if his property be proved in some of the chattels only, he shall have damages for their detention and costs, although the defendant shall have a return [*619] * of the other chattels and his damages. And if the plaintiff review, and the second jury disaffirm his property in the chattels found to be his by the first verdict, but affirm his property in the residue, he shall have damages and costs, although the defendant has a return, and perhaps greater damages than he had before. For the plaintiff has prevailed where he before failed, and could not have his claim established, but by suing his review.
There is a clause in the statute regulating reviews, which supports these conclusions. It is there enacted that if the defendant in replevin would review, and stay execution on the former judgment, he must give bond conditioned to pay all such damages as the plaintiff shall recover, with double costs, without distinguishing whether the plaintiff’s damages are increased or diminished. If the plaintiff, when defendant in review, is entitled to his costs, although his damages may be reduced, because he has established his property in the chattels in himself, then, by the general rule, that, where costs may be received, they shall vice versa be paid, if the plaintiff fail in establishing his property in the chattels- *543 although the defendant may recover his damages, yet he shall have his costs.
We are therefore satisfied that, upon a fair construction of the statutes giving" costs and regulating reviews, the plaintiff has not prevailed in this review, and the defendant is entitled to his costs. And this construction is certainly agreeable to the justice of the case ; for it would be extremely hard on a defendant contented with the first verdict, to be again called into Court on review, to litigate the plaintiff’s claims, and when the claims were defeated, to have the plaintiff’s costs to pay, because the jury had reduced his damages arising from the injury he had sustained by the plaintiff’s writ, (a)

 [See Mattoon vs. Pearce, 12 Mass. Rep. 406. — Huggeford vs. Ford, 11 Pick 293. — Rev. Stat. c. 113, § 31. — Ed.]