Parker, C. J.
■ The bond, in this case, was given to the plaintiff, who is sheriff of the county, to secure the return of certain goods, which had been attached by him on two writs in favor of David S. Eaton, against Proctor Pearce and others, and which were replevied by Abraham Pearce, the defendant in this action. The replevin was made in 1808, and the action was entered and proceeded in, until the term of this Court in April, 1810, when the said Abraham Pearce, plaintiff in replevin, became nonsuit, and judgment was entered for a return, and damages were assessed for the detention at $510.
In November, 1808, Eaton, on whose suits the goods were attached, recovered judgment for a large sum of money, on which executions issued, but have not yet been satisfied in the whole. Payments have, however, been from time to time made, and the sum recovered by the sheriff on the replevin suit has been received by Eaton, on account of his judgments.
The defendants in this action claim a deduction from the damages now to be assessed against them, on account of the payments made by the execution debtor, and particularly on account of the sum paid by the defendant, Abraham Pearce, as damages on [*407] the replevin bond, which they insist ought wholly * to be deducted ; because the judgment creditor is entitled only to the amount of his judgment, with simple interest thereon ; the* *357 professing to stand in the place of the judgment debtor, who has, by a deed of release filed in the case, discharged the sheriff from any claim or demand on his part, on account of the goods attached and replevied ; having virtually relinquished or transferred to the present defendant, Pearce, all interest in the replevin bond. And, under these circumstances, on this hearing in equity, he claims to avail himself of the payments made by the judgment debtor, and of so much of the damages paid by him, as the judgment debtor shall be found interested in.
We are all satisfied, however, that the judgment creditor’s demand on the sheriff would not be limited to the debt ascertained by the judgment and simple interest thereon ; but that the damages recovered upon the replevin suit are to his use, to secure to him the compensation given by the statute for the delay he has met with in obtaining satisfaction by reason of the replevin.
It was thought reasonable by the legislature, that a man, who should unlawfully interpose to take goods out of the custody of the law, and by that means interrupt a process for the recovery of a debt, should pay more than the common profit which the use of the goods might afford him, by way of penalty for his abuse of a legal process. It was, therefore, provided by the fourth section of the statute of 1789, c. 26, that, if the plaintiff in replevin should neglect to enter and prosecute his suit, upon complaint by the defendant in such suit, he should, besides judgment for a return, recover damages for the taking, to the amount of six per cent, upon the bond, which, being double the value of the goods replevied, gives twelve per cent, as a mulct for his unlawful act. And it is further provided, in the same section, that, if, upon trial of the issue, there shall be judgment of restitution, the interest of six per cent, upon the bond shall be taken as a rule for estimating damages, in case the goods were taken in execution.
* These two cases being alone expressly provided by [*408] the statute, it became necessary to settle judicially, according to the true intent and manifest object of the statute, a rule of damages in other cases which might occur, particularly when the plaintiff should not fail to enter and prosecute his action in some stages, but should afterwards abandon it, as in the case now before us ; and also when the goods replevied were under attachment on mesne process, and were not returned in season to meet the execution which might afterwards issue, so that the judgment creditor would be delayed in obtaining satisfaction. There being the same reason for providing for the compensation of the creditor in this case as in the other, there is no doubt the legislature intended that the same measure of damages should be applied.
*358 In the case of Pike vs. Huckings,(1) it was intimated by'the Court, although not expressly decided, as the case did not require it, that six per cent, upon the penal sum of the bond was to be considered as the rate of damages established by the statute in all cases of judgment for a return upon a suit in replevin.
But, in a subsequent case,(2) the rule laid down is, that, in all cases, except those expressly provided for in the statute, the damages are to be assessed according to the rules of the common law ; that is, by the jury or court, upon evidence of the quantum of injury, without regard to the penalty of the bond ; and the practice has been, on trials of issues with respect, to the property, for the jury to assess damages for the taking and detention. As, in most cases, the replevin suit has been determined before the judgment has been rendered in the principal action, so that no delay of execution has followed at the time of assessing damages, and as the goods have been returned or the debt paid, before any injury to the creditor has accrued, the damages found by the jury have been nominal; neither creditor nor debtor insisting upon actual damages ; although in all cases the sheriff, who is the defendant in such suit, ought to respect the interest, not only of the creditor, but of the debtor, who | *409] * may, as will be seen hereafter, have a just claim for indemnity from the plaintiff in replevin.
When* therefore, the plaintiff in replevin takes to his own use goods which do not belong to him, the least he can pay in any case, if those interested adversely exact their rights, is the lawful interest on the "value of the goods, so long as he retains them. While the goods are held on mesne process, neither the attaching creditor, nor the debtor,'could make any use of them ; there may, therefore, be good reason, where the plaintiff in replevin has acted boná fide, but under a mistake, that he should pay no more than the use of the goods would commonly be worth ; that is, six per cent, per annum upon the value.
But where, by his unlawful interference, the plaintiff in replevin not only acquires the use of another’s goods, but, by unjustly arresting the process of the law, prevents the creditor from receiving his just debt, and the debtor from procuring his discharge, thereby leaving his other goods and his person exposed to be taken on the same execution ; in such case, it is manifestly right that the wrong-doer should pay something by way of mulct or penalty. The legislature have thought that twelve per cent, on the value of the goods is a reasonable penalty in such case ; and we think, that, in a parallel case, although not within the letter of the statute, the same rule should be enforced, even in a hearing in equity.
*359 These damages belong to the creditor, to the extent of his interest in the goods, and the residue to the debtor, as will presently be shown.
We think, therefore, that the true construction of the statute, which is not very intelligible in its terms, or clear in its provisions, although the general object of it is plain, requires that the damages to be assessed in a suit upon the replevin bond should be composed of the damages and costs awarded in the replevin suit, if unpaid, with lawful interest from the time of that judgment; and, in ordinary cases, of the value of the goods replevied, with interest at six per cent, on that sum, from the time when the goods ought to * have been returned on the writ of restitution ; and, if the [*410 ] goods had been seized on execution at the time when they were replevied, or if execution had afterwards issued in the suit in which they were attached, and had been delayed in consequence of the detention of the goods by the plaintiff in replevin, then the interest on the value of the goods is to be at the rate of twelve per cent, for the time of such detention, which is equal to six per cent, upon the penal sum of the bond, as provided by the statute.
In the case at bar, the goods have not been returned to the present time, although judgment for a return was rendered in April, 1810, and a restitution was without doubt demanded, because a writ for that purpose issued, and has been returned by the officer, who committed the body of the plaintiff in replevin to prison for the damages and costs, and these have since been paid. According to-the rule, therefore, which we have adopted, the plaintiff, but for the compact made by the present defendants with the owner of the goods, would be entitled to recover, for the uses prescribed by law, the full value of the goods replevied, with interest at the rate of twelve per cent, upon that value, from the time when the goods would have been taken in execution but for this false replevin, deducting the time for which damages have been already assessed in the replevin suit; for, during that term, the damages have been settled by the jury ; and whether at six or twelve per cent., we cannot now disturb them.
But it is obvious, that, according to this general rule, if all the money received by the sheriff shall be paid over to the use of the creditor, he may receive more than the indemnity contemplated by the statute; as be may have failed in his suit, or may have recovered a much less sum than the value of the goods attached. This difficulty is, however, avoided, by a fair and necessary construction of the same statute. . .
Although, in words, it is enacted, that the moneys received, by way of damages, by any officer who has taken or attached * chattels at the suit of a creditor, shall be considered and [ *411 ] *360 taken as received to the use of the creditor, and when received be paid over to him accordingly ; the intent of the legislature manifestly was, that it should be paid to the creditor on account of the debt, and the legal effects of his judgment. If any thing remains after he is thus satisfied, it belongs of right to the debtor, whose goods have been replevied ; he being prejudiced, in proportion to his remaining interest in the goods, by the unlawful intermeddling of the plaintiff in replevin.
The plaintiff in replevin has no concern in the disposition of the damages recovered against him. He is to be considered as having no common interest with creditor or debtor ; but as having violated the rights of both. If there is a connivance between him and the debtor, and he merely acts as a friendly agent in the suit, it is proper that he should be thus punished ; or that the debtor should, if the plaintiff in replevin has any means of compelling him to an indemnity. Nor can the sheriff have any benefit, except his lawful fees, from the residuum, after satisfying the creditor; the debtor alone being entitled to it.
The sheriff is the trustee of both creditor and debtor, to the amount of their respective interests in the goods attached. This was decided in the case of Pike vs. Huckings before referred to, in which it is adjudged, that, if the ¡ laintiff in the suit wherein the goods were attached fails to support his action, the sheriff is accountable to the defendant in that suit, or the supposed debtor, whose goods he had attached, and is to pay over to him the six per cent, damages recovered, and redeliver the goods. We should add, if the goods are not returned, he is, in like manner, „to pay over the whole proceeds of the replevin bond to the debtor.
It was decided also in the same case, that, if the original plaintiff recover a less sum than the value of the goods replevied, the officer is accountable to both creditor and debtor; to the former, to thb amount of his judgment, and, we add, with all its lawful incidents ; and to the latter, for the residue, after indemnifying himself for his legal charges.
[*412] *But, in the case before us, it is manifest from the release filed in the case, in which the debtor has declared that he has received full satisfaction for the goods, that he consents that whatever may be coming to him may be applied to the use of the present defendants, by deducting it from the damages now to be assessed. This gives to the defendants the advantage of all the payments which have been made, as well as of that portion of the damages which have been paid. We have only, then, to ascertain what sum is now due to the judgment creditor, in order to fix the damages in the present action. This will be found by adding to the amount of his judgment interest at the rate of twelve per cent, from *361 the time the execution was delivered to the sheriff, except that part of the time for which damages must be supposed to have been rightly assessed in the replevin suit. All payments, including the damages paid over, are to be deducted at their respective dates, and to stop the interest accordingly.
Upon these principles the parties may make their calculations, and execution will be awarded for the amount.†

 1 Mass. Rep. 421.

 Bruce vs. Learned, 4 Mass. Rep. 614.

 Buffington vs. Curtis & al., 15 Mass. Rep. 528. — Arnold vs. Bailey & al., 8 Mass Rep. 145.