Per Curiam.

We think the deposition was rightly rejected on account of interest in the witness ; it appearing that whatever is recovered would go in discharge of a liability incurred by the plaintiff for the witness. We do not perceive any counter interest to neutralize this, for it does not appear that the witness was indebted to Braynard. On the contrary, if his story is true, Braynard is indebted to him, having property in his hands to a larger amount than his advances.

Monsuit made absolute.

Parker moved for a return of the goods replevied and for damages for taking and detaining them ; and he claimed six per cent on the penalty of the bond, for the time of the detention. He cited Bruce v. Larned, 4 Mass. R. 616 ; Mattoon v. Pearce, 12 Mass. R. 406.
Pickering and Otis said that two cases .only were provided for in St. 1789, c. 26, § 4 ; one, where the plaintiff in replevin neglects to enter and prosecute the suit, in which case the defendant may, upon complaint, have judgment for a return of the goods and “ damages for the taking, to the amount of six per cent on the bond the other, where “if, upon a trial of the issue, judgment shall be rendered for a return, the interest of six per cent upon the penal sum of the bond shall be taken as a rule for estimating the defendant’s damages, in case they were taken on execution.” The present case is not within either of these provisions, and the defendant should recover at common law his reasonable damages.
. The Court afterward allowed as damages, interest at six per cent on the value of the goods, from the service of the writ of replevin until the rendition of the judgment.[1]

 See Revised Stat. c. 113, § 30.