Per Curiam.

Two questions arise in this case, 1. whether upon a hearing in equity the defendants may be permitted to show that the goods were of less value than the sum at which they were estimated in the writ of replevin; and 2. whether suffering a nonsuit was a failure to prosecute, which will sustain a judgment for interest at twelve per cent, on the value of the goods.
In Mattoon v. Pearce, 12 Mass. R. 406, double the value of the goods was used as an equivalent for the penalty of the bond. When it is considered that the plaintiff in replevin sets his own value upon the goods, and takes them out of the possession of a person prima, facie entitled to the custody of them, and undertakes to prove a title in himself, which he subsequently fails to do, there seems to be no hardship in holding him to the value fixed in his writ. A different rule would introduce parol evidence, and valuations would be offered depending on opinion and the variation of prices in the market, which would often lead to injurious consequences. And this view of the question is confirmed by St. 1824, c. 106, § 1, which provides that whenever any officer to whom a writ of replevin is directed, shall be required to replevy any goods or chattels, and the defendant in such writ, or such officer, shall suppose that a bond in a sum, which is twice the value of such goods and chattels as the same shall be valued in such *228 writ may be an insufficient security for such defendant, such officer shall cause the same to be appraised, &c. and shall take bond to the defendant in double such appraised value.” This implies that the plaintiff in replevin is bound by his valuation, inasmuch as the right to have an appraisement is given only to the defendant in replevin or the officer serving the writ. We are of opinion therefore, that in an action on a replevin bond, the valuation in the writ of replevin, as a general rule, is to be considered the value of the property.[1]
The other question is, whether the nonsuit is a breach of the condition of the bond, so as to entitle the obligee to twelve per cent, interest on the value of the goods.
The statute provides in terms for two cases only in which twelve per cent, damages shall be given. ,
First, where the plaintiff shall fail to enter and prosecute his suit, which is a tacit admission that he had no title to the goods, and interposed this process of law, for delay or other unjustifiable cause. That this was confined to the case where the plaintiff in replevin fails to enter his action, is manifest from the further provision, which is, that the defendant, upon complaint, may have judgment. This distinguishes it from the case where the plaintiff in replevin shall enter his action, and afterwards fail to prosecute it.
Secondly, where the goods, at tire time of the replevin, had been taken on execution. Here manifestly an increased rate of damages is awarded, on account of the importance which the law attributes to an execution as the ultimate result and fruit of all legal proceedings, and to counteract the strong temptation to interpose fictitious replevins to prevent the due and prompt satisfaction of judgments, by execution.
This rule of damages however being to a certain extent penal, will not be applied except to the cases mentioned in the statute, or cases strictly analogous, and falling within the same reasons.
The case before us is not one of those expressly provided *229 for in the statute, inasmuch as the plaintiff did not fail to enter his action, nor had the goods, at the time of the replevin, been taken on execution. The damages are therefore to be assessed, upon general principles of law and by analogy to the statute, as it has been expounded and applied by judicial decisions.
In the case of Mattoon v. Pearce, 12 Mass. R. 406, a rule was laid down, applicable to a case like the present, and which we adopt in the present case.
The principles there laid down are, that where a replevin suit is tried, the jury are to assess damages for the taking and detention, and such assessment is conclusive of the amount of damages to the time of the verdict, on a subsequent hearing in chancery, upon a forfeiture of the replevin bond ; and that where the suit in which the goods were attached, has come to judgment, during the pendency of the replevin suit, for so long a time as satisfaction of the execution was delayed by the interposition and pendency of the replevin suit, in analogy to the statute, six per cent, on the penalty of the bond, being twelve per cent, on the value of the goods, shall be allowed. For all the rest of the time, six per cent, on the value of the goods shall be assessed as damages for the detention, in analogy to the rules of law in relation to damages for detention of money.[1]
These rules appear to be sound and equitable, to follow the statute so far as the statute is a guide, and to conform to correct principles of law, where the statute does not apply. The amount due on the replevin bond, in the present suit, will be computed accordingly.
One other point arises out of the particular circumstances of the present case. At the time of the attachment, the goods were liable to the government of the United States, for the duties ; but the goods were valued at the full price, as if the duties on them had been paid. Had the plaintiff retained the goods under his attachment, he would have been liable for the duties ; and the payment of them by the plaintiff in replevin, *230 is equivalent to a payment or return to the present pla fF, to that amount.
In making up the judgment, then, the amount of the duties is to be deducted from half the penal sum of the bond, and interest at six per cent, is to be cast on the difference, from the time of the service of the writ of replevin to the issuing of the execution in the original suit, and interest at twelve per cent, thereafter to the present time.

 See Barnes v. Bartlett, 15 Pick. 71; Swift v. Barnes, 16 Pick. 194. By Rev. Stat. c. 113, § 20, 29, if the parties shall not agree as to the value, it is to be ascertained by appraisal.

 Rev. Stat. c. 113, § 31. See Wood v. Braynard, 9 Pick. 333; Barnes v. Bartlett, 15 Pick. 71.