## Henry B. Farnham *versus* Samuel Moor & als.

In an action by an officer upon a replevin bond, where it appeared that the plaintiff in replevin was a wrongdoer, having no title to any part of the goods attached and replevied, and that judgment was rendered for a return of the goods, and that no return was made, *it was held*, that the plaintiff was entitled to recover the value of the goods replevied, and damages for their detention.

The plaintiff in the suit on the bond, who was the officer making the attachments, is accountable for the property to the attaching creditors and their debtors, and not to the plaintiff in replevin who was a mere wrongdoer without title; and a release by the debtors to the officer of all their claim to the goods attached will not enure to the benefit of the defendants in the suit upon the replevin bond, and entitle them to any surplus beyond the amount of property necessary to satisfy the judgments in the suits wherein the attachments were made.

Nor should any deduction be made, under such circumstances, if the attachments in some of the suits were made after the goods were replevied.

This was an action of debt on a replevin bond, and came before the Court on an agreed statement of facts. The facts appear in the opinion of the Court. As to the removal of the goods, the statement was thus: — "If legally admissible, the defendants offer to prove, and can prove, and it may be considered as proved, that said goods were removed from Bangor to Orono prior to the fourth of July, 1836." The release from the debtors to Farnham was in these words: — "Know all men by these presents, that we E. G. M., J. W. M. & S. R. in consideration of one dollar to us paid by Henry B. Farnham of Bangor, deputy sheriff, do hereby release said Farnham from all claim and demand on him for or on account of the goods and merchandize by him attached on several writs against us in 1836, and he is hereby discharged from all liabil-

Farnham *v.* Moor.

ity to us for said goods by reason of all or any of said attachments." The date was Nov. 4, 1841.

*J. Appleton,* and *M. L. Appleton,* argued for the plaintiff: and

*Rogers* and *Washburn,* for the defendants, who cited, *Knapp* v. *Sprague,* 9 Mass. R. 258; *Denny* v. *Willard,* 11 Pick. 519; *Malloon* v. *Pearce,* 12 Mass. R. 406.

The opinion of the Court was drawn up by

Whitman C. J. — Judgment in this case is to be rendered upon default for the plaintiff for as much as he is in equity and good conscience entitled to recover. The suit is upon a replevin bond. The defendant, Samuel Moor, was the plaintiff in the replevin suit; and the present plaintiff, who was the defendant in the replevin suit, was a deputy of the sheriff; and had, at the suits of sundry creditors of E. G. Moor & Co. attached the goods in question. The defendants contend, that the plaintiff should have judgment for no more, than may be sufficient to satisfy the judgments rendered or to be rendered in favor of four only of the creditors, for whom the plaintiff made attachments, on the 28th of June, 1836; excluding two made by the plaintiff, on the fourth of July, 1836; upon the ground, that the attachments, in these two cases, were made after the replevin suit had been instituted; and after the goods had been removed from Bangor to Orono; upon which they would have it inferred, that the returns, as to the attachments in these suits, are false and therefore created no lien upon the property attached.

It is to be borne in mind, that the defendant, Moor, must be deemed to have been a wrongdoer in replevying the goods from the plaintiff; and that the other defendants are responsible with him therefor. The jury in the replevin suit must have found, that the goods attached *in toto* were not the property of Moor. The plaintiff in this suit, thereupon, became entitled to a return of them; and to damages for their detention. Not having succeeded in his attempts to obtain a re-delivery of the goods, or the damages for their detention, he is

now entitled to recover their value and his damages of the defendants; unless the ground before stated, as to the two attachments, will avail them. The plaintiff, who made the attachments, is accountable for the property, upon general principles, not to the defendant Moor, who was a wrongdoer, and who had been proved to have had no title to it; but to the attaching creditors and their debtors. To succeed in their claim the defendants must exhibit some equitable ground, upon which to rest it. Have they done it? and what evidence have they adduced to sustain any thing of the kind? In the first place the officer's return, that he had attached the goods in the two suits referred to, is *prima facie* evidence of the fact; and, in the absence of countervailing evidence, must be taken to be true. Besides, for aught that appears, the goods may have been accessible to him after they were replevied; and he may have made an actual attachment of them; for Orono was within his precinct. He having returned them as attached, we are not at liberty to doubt it without evidence to the contrary.

But, suppose the return of the plaintiff to have been false, what right has the defendant, Moor, and his co-obligors, to question its verity? It may be surmised that he had purchased the goods of the debtors, colorably for the purpose of aiding them in an attempt to avoid their being subject to attachment. But would this better the condition of the defendants; and create an equity in their favor? Surely not. On what other ground then do they stand,

It is alleged that the debtors have filed a release in the case, whereby they have discharged the plaintiff from any claim on their part, and that this will enure to the benefit of the defendants. But in what way? The release, if it be effectual, is to the plaintiff. There is not one word in it indicative of an intention to benefit the defendant, Moor, or his co-defendants. For what purpose must we presume the release to have been intended? We must suppose it to have been designed for honest purposes surely. And what more honest purpose could there have been, than to pay the debts honestly due? The release purports to be to the plaintiff, and to him solely.

Farnham *v.* Moor.

Should we not presume, that it must have been designed to enable him to perform the obligation, resting upon him as an attaching officer; and, at the same time, that the debtors might become thereby exonerated from demands, justly existing against them? At any rate, without any express indication in the release itself for the purpose, we are not at liberty to suppose, that any benefit was to result from it to the defendants.

The case of *Mattoon* v. *Pearce & al.* 12 Mass. R. 406, has been cited as tending to maintain the position relied upon by the defendants. But that case seems very distinguishable from this. In that case Mr. C. J. Parker, in delivering the opinion of the Court, notices, that the defendants relied upon the release, there set up, as containing a virtual release and *transfer*, of the debtor's rights to Pearce. And he says, "according to the rule therefore which we have adopted, the plaintiff, but for the compact made by the present defendants, with the owner of the goods, would be entitled to recover, for the uses prescribed by law, the full value of the goods replevied." And again, in conclusion, he says, "but in the case before us it is manifest, from the release filed in the case, in which the debtor has declared, that he has received full satisfaction for the goods; that he consents that whatever may be coming to him may be applied to the use of the present defendants, by deducting it from the damages now to be assessed." Now, in the release in the case at bar there is nothing tending to any such purpose. We therefore are brought to the conclusion, that the plaintiff must have judgment for the full value of the goods replevied, together with the damages for their detention.