## CHARLES BARTLETT & others *vs.* WILLIAM BRICKETT.

An action of replevin was brought in the names of "A., B. & C., the Trustees of the Ministerial Fund in the North Parish in Haverhill." In the subsequent portions of the writ they were referred to as "the said trustees" and "the said plaintiffs." The replevin bond described them in the same way as they were first described in the writ, and was signed by them individually, with separate seals. Other papers in the case referred to them in a similar manner. There was a corporation under the name of "the Trustees of the Ministerial Fund in the North Parish in Haverhill," whose title was relied on in support of the action. *Held,* that the action was not brought in the name of the corporation, and therefore could not be maintained.

A defendant in replevin, who prevails, can only recover such damages as he proves; and in case securities for the payment of money, bearing interest, have been replevied, there is no presumption that any actual damages have been sustained thereby.

REPLEVIN of a leather trunk and its contents, described as "belonging to Charles Bartlett, Joseph Goodrich and James H. Smiley of said Haverhill, the Trustees of the Ministerial Fund in the North Parish in Haverhill." Writ dated March 12th 1866 In the subsequent portions of the writ, the plaintiffs were referred to as "the said trustees" and "the said plaintiffs." In the bond the plaintiffs were at the commencement of it described in the same way first above mentioned; and were referred to in the condition as "the above bounden Charles Bartlett, Joseph Goodrich and James H. Smiley, Trustees as aforesaid;" and they signed it with their individual names and seals. The officer in his return certified that he had taken a bond "from the

within named Charles Bartlett, Joseph Goodrich and James H. Smiley." The plaintiffs signed the following receipt upon the writ: " Received of Phineas E. Davis, D. Sh'ff, the within described property. Charles Bartlett, Joseph Goodrich, James H. Smiley, plaintiffs."

At the trial in the superior court, before *Lord,* J., it was agreed that by St. 1822, *c.* 77, " The Trustees of the Ministerial Fund in the North Parish of Haverhill " were incorporated, and that there was an organization under said statute, and that the title of the plaintiffs was as the corporation so organized.

The judge then ruled that this action was not by the corporation, and was not properly brought; and, no motion to amend being made, (the judge having stated that, if an amendment should be made by substituting the corporation as the plaintiffs, the proceedings in his judgment would be fatally defective, for want of a bond by the corporation,) a verdict was taken for the defendant.

There was no evidence upon the question of damages except what appeared on the papers of the case. The appraisement showed that the property consisted of bank bills and postage stamps to the amount of $210.15; United States bonds to the amount of $1700; numerous promissory notes; books of accounts and papers, valued at one dollar; and the trunk, upon which no separate valuation was put; and the whole were appraised at $8925.65. The judge, *pro forma,* directed the jury to assess as damages lawful interest on the appraised value of the property from the date of the replevin to the date of the verdict, under an agreement of the parties that the verdict might be amended in accordance with the opinion of this court.

The plaintiffs alleged exceptions.

*H. Carter,* for the plaintiffs.

*S. B. Ives, Jr.,* for the defendant.

HOAR, J. The court are all of opinion that the ruling at the trial that the action was not brought in the name of the corporation owning the property replevied, but in the name of the three plaintiffs named and described as trustees, was correct, and that the verdict for the defendant was rightly ordered.

There is nothing in the writ to indicate that the plaintiffs **were** a corporation, or that any corporation was a party to the suit. The plaintiffs are severally named, with their place of residence. It is true they are there described as the trustees of a Ministerial Fund, and that the corporate name of the body owning the fund was shown at the trial to be " The Trustees of the Ministerial Fund " mentioned in the writ. But they are afterward spoken of as " the said trustees " and as " the plaintiffs." There is nothing upon which a judgment could have been rendered against the corporation.

The conclusion is strengthened by recurring to the other papers in the case. The receipt to the officer for the property replevied is signed by the individuals named as plaintiffs, with the word plaintiffs appended. The return of the officer sets forth that he has taken a bond from the same three persons with condition to prosecute the replevin to final judgment, and to pay such damages and costs as the defendant should recover against them. The bond is executed in their individual names, and with their several seals, and recites that the persons thus bound are the parties who sued out the writ.

We can have no doubt that the plaintiffs did not intend to prosecute the suit in the name of the corporation, but brought it inadvertently in their own names.

The other ruling to which exception was taken was erroneous; and the verdict must be amended according to the agreement of the parties. In order to recover more than nominal damages, the defendant must prove some actual damages; and none were proved. The rule was stated in *Bruce* v. *Learned*, 4 Mass. 614. Except in the special cases in which provision is made by statute, the defendant in replevin who prevails is to recover damages " measured by the nature and degree of the injury he has sustained according to the common law." The cases in which six per cent. upon the value of the goods replevied has been allowed as damages, in analogy to the rule in other cases of unlawful detention of property, will be found to be cases where the defendant was entitled to a return **and** where the chattels replevied were merchandise or other

property capable of physical use and enjoyment. That rule has no just application to the case of securities for money, bearing interest. It does not appear from the evidence reported, nor is it suggested, that the defendant claims any property in the replevied goods, nor that he has asked for a return of them. There is nothing in the case to show that any actual loss has accrued to him from being deprived of them.

The verdict will therefore be amended, and the defendant will have judgment for nominal damages only.