DODGE, *plaintiff in review, versus* REED.

If, in replevin, the defendant reviews the action and *reduces* the *damages* recovered against him, he is the prevailing party and entitled to costs of review.

ON REPORT from *Nisi Prius,* HATHAWAY, J., presiding. WRIT OF REVIEW.

The defendant sued out a writ of replevin against the plaintiff in review, for lumber, before a justice of the peace, in which the plaintiff in review was defaulted and judgment was rendered for $20 damages, with the costs of suit, and execution issued therefor.

A review was granted, and on trial, the original plaintiff recovered the lumber and one cent damages. The plaintiff in review claimed costs as the prevailing party.

It was agreed to submit that matter to the decision of the full Court.

*C. Lowell,* for defendant in review.

1. The jury having found that the original defendant took and carried away the lumber, he ought to pay the costs on every principle of law and morals. c. 124, § § 7 to 10 inclusive, R. S., and § 15 of c. 130, R. S.

2. This is not one of the cases embraced in § § 12, 13 and 14 of c. 124. Those contemplate a case where there has been a jury trial and verdict, and not where there has been a default.

3. Throughout this case it has been a question of property, not of damages, as shown by all the papers and pleadings. The petition for review set forth a good defence to the action, and on that ground alone the review was granted. The verdict shows that the plaintiff in review failed in his defence.

4. But if there was error or excess of damages on default, where there was no trial or issue, the nominal damages by the verdict is not such a reduction as contemplated in § § 12 and 13 of c. 124, R. S., and this Court has ample power to order the proper entry that shall do justice be-

tween the parties. *Swett* v. *Sullivan*, 7 Mass. 342; Minot's Digest, 630; Howe's Practice, 264.

5. It would be manifest injustice and wrong to make the injured, successful party lose his own costs, and pay those of the convicted wrongdoer.

*Robinson*, for plaintiff in review.

The present plaintiff, on a review of a justice judgment, obtained a verdict reducing the damages from twenty dollars to one cent, and claims to be allowed his costs, as the prevailing party. The review was granted, generally, and without the imposition of any terms, and the statute regulating the action of review and the allowing of costs therein, being c. 124 of R. S., seems to determine the question as does also the decision in *Kavanagh* v. *Atkins*, 2 Greenl. 397.

TENNEY, J.—The question in this case is, whether the plaintiff in review is the prevailing party, and so entitled to his costs by R. S., c. 124, § 10.

In the case of *Bruce* v. *Learned*, 4 Mass. 614, the Court say, " it has been the immemorial usage in reviews of actions, in which debts, or damages, or lands, have been demanded, if the plaintiff has failed in recovering his just demand, or has recovered more in the original suit, to consider the party, in whose favor the error has been corrected, the prevailing party, and entitled to his costs." In the cases of *Erving, plaintiff in error*, v. *Pray*, 1 Greenl. 255, and *Kavanagh & al., plaintiffs in review*, v. *Askins*, 2 Greenl. 397, the former being a writ of entry, and the latter an action of assumpsit, the same principle was applied.

The case from 4 Mass. was replevin, and in the trial of the original action, and on the review, the defendant obtained verdicts; but in the latter the damages for the taking of the goods by the replevin were reduced. Costs were allowed the defendant, on the ground, that the damages recovered were occasioned by the replevin, and the costs were in defence. The Court made a distinction between the dam-

ages for the *caption* and *detention,* which were in part the causes of the replevin suit, and the damages to the defendant, arising in consequence of the unlawful replevin, and which had no existence before the writ. If the objects of the suit wholly fail, the plaintiff cannot be the prevailing party, merely by reason of being holden for less damages on the review than in the original action. The Court say, in their opinion, "the demand of the defendant is founded on the legal process, sued and prosecuted by the plaintiff. Therefore, in the other actions, if the plaintiff reviews, he cannot have costs, unless he supports his demand to more money or land, than the former jury gave him. So if he review in replevin, he cannot have his costs, unless the jury increase his former damages, or find his property in the chattels."

The action of replevin being a remedy as well for the loss arising from the caption and detention of the goods, as to obtain possession of them, if the defendant, against whom judgment was rendered in the original action, shall review, and a less sum in damages be recovered, he is equally the prevailing party, as he would be, if the reduction in the amount was in an action of assumpsit.

*Judgment for the plaintiff in review*
*for his costs of the review.*