BARNEY, (ECHEVERRIA v.)  See Case No. 4,262.

BARNEY, (FABER v.)  See Case No. 4,601.

BARNEY, (FALLECK v.)  See Case No. 4,625.

## Case No. 1,031.
### BARNEY v. GLOBE BANK.

[5 Blatchf. 107;[1] 2 Amer. Law Reg. (N. S.) 221.]

Circuit Court, N. D. New York. Nov. Term, 1862.

REMOVAL OF CAUSES —ORIGINAL JURISDICTION OF FEDERAL COURTS—ACT OF SEPT. 24, 1789—ORIGINAL PROCESS — FOREIGN CORPORATION — "A SUIT."

1. A suit commenced by summons in a state court of New York, under the one hundred and thirty-fifth section of the Code of Procedure of that state, against a foreign corporation having property in that state, followed by a warrant of attachment issued under section 227 and the following sections of the same Code, against the property of the defendants in that state, and duly served by attaching property, is "a suit," within the meaning of the twelfth section of the judiciary act of September 24th, 1789, (1 Stat. 79,) providing for the removal of suits into this court.

[Cited in Erwin v. Walsh, 27 Fed. 579.]

2. This court has jurisdiction of such a suit, if properly removed, although it could not, by reason of the provisions of the 11th section of the same act, have compelled the defendants, by compulsory process, to submit to its jurisdiction in a suit originally brought against them in this court.

[Cited in Winans v. McKean Railroad & Nav. Co., Case No. 17,862; Sands v. Smith, Id. 12,305; Warner v. Pennsylvania R. Co., Id. 17,186; U. S. v. Ottman, Id. 15,977; Moynahan v. Wilson, Id. 9,897; Kelly v. Virginia Protection Ins. Co., Id. 7,677; Eaton v. Calhoun, 15 Fed. 156; Fidelity Trust Co. v. Gill Car Co., 25 Fed. 740; Erwin v. Walsh, 27 Fed. 580; Rosenbaum v. Bauer, 120 U. S. 458, 7 Sup. Ct. 637; Kansas City & T. R. Co. v. Interstate Lumber Co., 37 Fed. 6.]

[See New England Screw Co. v. Bliven, Case No. 10,156.]

3. Such a suit can be removed by the foreign corporation under the provision of the said 12th section, which gives the right of removal to a defendant who is a citizen of another state than that in which the suit is brought.

[See New England Screw Co. v. Bliven, Case No. 10,156.]

4. A suit to recover damages from a corporation for its breach of an implied contract, in neglecting to protest and give notice in regard to certain drafts forwarded to it by a correspondent bank, such suit being brought by an assignee of the right of action, is not within the meaning of the 11th section of the said act, a suit to recover the contents of a chose in action in favor of an assignee.

[Cited in Simons v. Ypsilanti Paper Co., 33 Fed. 194.]

5. After the removal of a suit into this court from a state court under the said 12th section, an attachment of property of the defendant, made before the removal of the suit into this court, under a warrant of attachment issued by the state court after the commencement of the suit, will continue to hold the property to

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

answer the final judgment of this court in the suit, as being, within the meaning of said 12th section, an attachment of such property by "the original process."

[See Act March 3, 1875, (18 Stat. 471,) § 4.]

[See note at end of case.]

At law. This was a suit originally brought in the supreme court of the state of New York. The plaintiff [Danforth N. Barney] was a citizen of that state, and the defendants were a corporation [the president, directors, and company of the Globe Bank of Boston] located in the state of Massachusetts. The action was brought by the plaintiff, as assignee of the Merchants' Bank, of Cleveland, Ohio, to recover damages for an alleged breach of an implied contract arising out of the course of business between the two banks. The alleged breach consisted in the neglect of the defendants to protest and give notice in regard to certain drafts, &c., forwarded to them by the Merchants' Bank. The action was commenced by summons, under the 135th section of the New York Code, which provides for the bringing of suits against foreign corporations having property in the state of New York. The defendants being non-resident and out of the state, no service could be made on them, except by the publication of the summons as provided for in that section. Subsequently, according to the provisions of the same Code, (sections 227 et seq.,) the plaintiff obtained a warrant of attachment against the property of the defendants in New York, which was duly served and property was attached. Afterwards, the defendants entered an appearance in the state court, and filed their petition, under the 12th section of the judiciary act of September 24th, 1789, (1 Stat. 79,) for the removal of the case into this court. The order of removal having been granted by the state court, and the case entered in this court, the plaintiff now moved to remand the case to the state court, for want of jurisdiction.

Benjamin D. Silliman, for plaintiff.

Augustus F. Smith, for defendants.

SHIPMAN, District Judge. It is supposed, by the parties to this controversy, that the national and state courts have laid down different rules of law, and come to different conclusions, in cases of like character, and that the result in this case may, therefore, depend to some extent upon the particular tribunal in which it shall be finally determined. This, although not affecting the grounds upon which it must be decided, renders, in their judgment, the disposal of this motion of unusual importance to the parties themselves. In coming, therefore, to the result which I have reached, I have not failed attentively to consider the very learned and elaborate argument presented in support of the motion. The more prominent features of this argument are:

1. That this is not "a suit," within the meaning of the 12th section of the judiciary act, but a mere special statutory proceeding in rem, and therefore not within this section providing for a removal;

2. That if it be such a suit, still it is not subject to removal, because no cases can be removed from a state court to the circuit court except such as could have been originally brought in the latter, and that this does not fall within that class of cases:

3. That the defendant, the Globe Bank, is not a citizen within the meaning of the 12th section of the judiciary act, and, therefore, cannot exercise the privilege of removal;

4. That the plaintiff sues as assignee of the Merchants' Bank, of Cleveland, Ohio, which latter could not have maintained a suit in this district against this defendant; that the plaintiff can bring no suit in this court as assignee, which his assignor could not have brought; and that, therefore, the jurisdiction fails.

Upon the first of the series of propositions I have enumerated, it may be remarked, that the proceeding by which the action was commenced in the state court, was, substantially, one of foreign attachment, the object of which is to take the property of a non-resident which is within reach of the process of the court, and apply it to the satisfaction of the claim that may be judicially established against him, although his person may be beyond the reach of that process. The form of the proceeding under which the attachment was made in this case differs somewhat from that used in some of the other states. The warrant of attachment did not form a part of, or accompany, the summons, when that was issued, but was subsequently granted, on application of the plaintiff. This, however, was merely optional with the plaintiff. The Code provides, that he may have the warrant "at the time of issuing the summons, or at any time afterwards." Now, there is a certain popular sense in which this may be said to be a proceeding in rem, inasmuch as it deals with the things or property of the defendant, whether it reaches his person by legal process or not. So is every proceeding by which the property of a defendant is attached and appropriated to the satisfaction of his debts. But how is this done, in actions at law? In all cases, by a judgment of a court of law pronounced in the progress of the cause, adjudging him liable to the plaintiff on the cause of action set out in the declaration. The judgment is against him, in personam, and not against a specific piece of property, or thing, like a decree against a ship, or a bale of goods, in a court of admiralty. The liability of the defendant does not rest upon the fact that he is the owner of certain specific articles of property proceeded against, out of which springs an obligation against him, to be enforced by a seizure and condemnation of the things, in a proceeding strictly in rem. The only substantial difference between the character or legal effect of

a judgment obtained through process of foreign attachment, and one obtained after personal service, is, that the defendant is not concluded by it. The proceeding by foreign attachment is a suit, and a suit at law, within the meaning of the act of congress under consideration. The exemption of the defendant from being personally concluded by it is one which he can waive by appearing in the suit and pleading to the issue. His appearance does not change the nature of the action. It enlarges the legal effect of the judgment, so as to preclude him from further contesting it, except by way of revision, in the same, or some appellate tribunal.

The principle contended for in the second proposition, namely, that no case can be removed from the state court to the circuit court unless it could have been originally brought there, is not of universal application.

It is contended, that the Globe Bank, being neither an inhabitant of, nor found within, the district, at the time of serving the writ, could not be sued in the circuit court. This objection rests upon a clause in the 11th section of the judiciary act, which provides, that "no civil suit shall be brought before either of said courts" (circuit or district) "against an inhabitant of the United States, by any original process, in any other district than that whereof he is an inhabitant, or in which he shall be found at the time of serving the writ." A preceding clause of the same section confines the jurisdiction to suits "between a citizen of the state where the suit is brought and a citizen of another state." No question arises under the latter clause, in this part of the case. The plaintiff is a citizen of this state, residing in this district. The Globe Bank is an inhabitant of the state of Massachusetts, and was not found in this district at the time of serving the writ. It is clear that no compulsory process could force the Globe Bank into this court. The very object of the statute was to exempt parties defendant, who are non-resident and out of the district at the time of serving the writ, from liability to be sued in districts other than those of which they are inhabitants, or in which they are present at the time when suit is brought. The reason of this provision is, obviously, to prevent a plaintiff from subjecting a defendant to a litigation in a distant jurisdiction, within which he neither resides nor enters. Any other rule would be oppressive, in a country of such vast territorial extent as the United States. But this rule is established for the protection of the defendant, and is a personal privilege, which he can always waive. He may waive it in a suit of foreign attachment as well as in any other. Toland v. Sprague, 12 Pet. [37 U. S.] 330, 331. It follows that, although the Globe Bank could not have been brought into this court by any compulsory process, it being non-resident and without the district at the time of serving the writ, yet, if this very suit had been

originally instituted in this court, and the defendant had appeared and pleaded to the issue, it would have cured the error. The jurisdiction of this court would then have been complete over the person of the defendant, as it certainly would have been over the subject matter of the action.

But, the validity of this removal is to be tested by the 12th, instead of the 11th, section of the act in question. And it has been decided, by very eminent authority, that the objection that the defendant is not an inhabitant nor found in the district at the time of serving the writ, cannot avail in a case where he has appeared in the state court, and removed the cause to a circuit court. Sayles v. North Western Ins. Co., [Case No. 12,421.] This was an action brought in the supreme court of Rhode Island against a foreign corporation. The corporation was neither an inhabitant of, nor found within, the district, at the time of serving the writ. But its property was attached in the suit in the state court. Thereupon it appeared in the state court, and, by petition, in the usual manner, removed the case into the circuit court. It then moved to dismiss the case for want of jurisdiction, which motion was denied. Mr. Justice Curtis, in delivering the opinion of the court, says: "But the jurisdiction over this case does not depend upon the 11th, but on the 12th, section of the act. If it be a suit which that section authorized the defendant to remove, it empowers this court to take jurisdiction over it when removed. The question, therefore, really is, whether the suit was rightfully removed. If it was, the motion to dismiss must be overruled; if it was not, the action must be remanded to the state court." The result arrived at was, that the case was rightfully removed, and that the jurisdiction of the circuit court over it was complete. The motion to remand in that case was made by the defendant, who had procured the removal; and, in the present case, it is made by the plaintiff, who would have resisted the motion in the state court, had the proceedings on the removal not been ex parte. But this circumstance does not distinguish the legal grounds upon which the two motions rest. In both, the objection to proceeding in the circuit court is an alleged want of jurisdiction. It is true, that the consequences of allowing defendants to remove cases from the state to the federal tribunals, and then procure their dismissal from the latter for want of jurisdiction, would be of a different character from those which would result from allowing plaintiffs to prevent the removal of cases brought against non-residents who should not be personally served with process, but they would be equally mischievous and oppressive. In the former class of cases, the state laws, which provide for the attachment and sequestration of the property of non-resident debtors upon whom no personal service can

be made, would be rendered inoperative whenever the sum demanded exceeded five hundred dollars. In the latter, every non-resident debtor, not served personally, and who has property in the district where his creditor resides, would be denied the privilege of transferring such a suit to the courts of the United States. The privilege sought by the act of congress to be secured, by giving the option of selecting the tribunal to the non-resident party, would be reversed. The resident party would possess that option, and thus the prime object of the statute authorizing the removal would be defeated, in a large class of cases. See, to the same effect, Bliven v. New England Screw Co., [Case No. 1,550.]

The third proposition, that the Globe Bank, a corporation, is not a citizen, within the meaning of the 12th section of the judiciary act, and, therefore, not entitled to the privilege of removal, is untenable. No good reason can be perceived upon which to rest a distinction of that kind. On the contrary, the reasons for holding corporations to be citizens, within the meaning of both the 11th and the 12th sections of that act, are stronger now than when the supreme court overruled the doctrine that they were not citizens under the 11th section. Corporations have largely multiplied; the capital of the country has, much of it, become merged in these artificial persons; and an immense amount of business is now transacted through their agency. This business is not confined to the particular states in which they were created, and where they are located, but is distributed over the whole country, in the same manner as the business of natural persons. To establish a distinction between their right to sue and their liability to be sued in the federal courts, and their right to remove to those tribunals suits brought against them in the state courts, resting upon no solid considerations, would produce only inconvenience and confusion.

The fourth consideration urged against the jurisdiction of this court, rests on the clause of the 11th section of the judiciary act which provides, that no district or circuit court shall "have cognizance of any suit to recover the contents of any promissory note or other chose in action, in favor of an assignee, unless a suit might have been prosecuted in such court, to recover the said contents, if no assignment had been made." If no assignment of the right of action upon which this suit is founded had been made, the Merchants' Bank of Cleveland alone could have sued upon it. That corporation could have maintained no action upon it in this district. No federal courts, except those of Ohio and Massachusetts, would have jurisdiction of such a suit. This, of course, follows from that clause of the 11th section of the judiciary act which limits the jurisdiction of the courts of the United States, in this class of cases, to suits "between a citizen of the state

2FED.CAS.—57

where the suit is brought and a citizen of another state." The two corporations being citizens, within the meaning of that section, one can sue the other only in the district where one or the other is located. Neither of them being located in New York, no suit could have been maintained in this court by the Merchants' Bank against these defendants. Can the plaintiff, as assignee of this right of action, maintain it? This presents the real and only question involved in this point, which is: Is this suit, by the plaintiff, as assignee, which is founded upon the original right of the Merchants' Bank to recover damages from these defendants for their neglect to protest and give notice in regard to the drafts, &c., in question, "a suit to recover the contents of a chose in action?" This right of the Merchants' Bank, which they assigned to the plaintiff, is, undoubtedly, a chose in action. So would a right to recover possession of the drafts in question, or damages for their detention, be equally a chose in action. But a suit to enforce either of these two latter rights would not be one to recover the contents of a chose in action, within the meaning of this prohibition of the statute. The case of Deshler v. Dodge, 16 How. [57 U. S.] 622, is decisive on this point. The word "contents," in the statute, is significant, and its true import is to be sought in the connection in which it is found. The only choses in action (a term of broad and somewhat indefinite meaning) specifically designated in the act, are promissory notes and foreign bills of exchange, the former being included within the prohibition, and the latter excepted out of it. The word "contents" is easily understood, when applied to these instruments. It designates the specific sums named therein, and payable by the terms of the instruments themselves. The effect of the case of Deshler v. Dodge, 16 How. [57 U. S.] 622, already cited, is to confine the meaning of the term "chose in action," as employed in this section of the act, within narrower limits than those in which it is generally used. What choses in action, then, fall within the prohibition of the statute? We think those only are included in it, which may be properly said to have "contents." These are not mere naked rights of action, founded on some wrongful act, some neglect or breach of duty to which the law attaches damages; but they are rights of action founded on contracts, which contracts contain within themselves some promise or duty to be performed. A suit to compel the performance of that promise or duty, by securing to the plaintiff that which is withheld by the defendant, is a suit to recover the "contents" of the chose in action. Grant that, in the case before us, there was an implied promise or duty, the performance of which, the law merchant, as applied to the course of business between the parties, cast upon these defendants; but this suit is not brought to

enforce the performance of that promise or duty. It is not to secure the protest and notice of this commercial paper. It is to recover damages for the failure of the defendants to take the proper steps to preserve its value. This suit, therefore, being founded, not on a chose in action, for the purpose of recovering its "contents," but upon a mere right of action to recover damages imposed by law for a delinquency, is not within the prohibition of the statute, and this objection to the jurisdiction of this court fails.

It was suggested, on the argument, that the clause of the 12th section of the judiciary act, which provides, in case of the removal of a suit from a state to a circuit court, that "any attachment of the goods or estate of the defendant, by the original process, shall hold the goods or estate so attached, to answer the final judgment, in the same manner as, by the laws of such state, they would have been holden to answer final judgment, had it been rendered by the court in which the suit commenced," would not protect the attachment made in this case. The suit was commenced, as already stated, by summons, and the warrant of attachment was issued afterwards. It is urged, that the warrant of attachment not having issued at the same time with the summons, it is not the "original process," and that, therefore, the lien on the goods will be lost if the jurisdiction of this court is maintained. But this view of the matter arises out of an erroneous interpretation of the term "original process." It does not refer merely to the first notice, or precept, by which the suit may be initiated, but includes, also, any mesne process issuing out of the state court, by which the property is seized, before the case is removed into this court. This attachment, therefore, comes within the saving clause of the statute, and will hold the goods attached, to answer final judgment in this court. See, contra, New England Screw Co. v. Bliven, [Case No. 10,156.]

The motion to remand the cause is, therefore, denied, on all the grounds.

[NOTE. The case of New England Screw Co. v. Bliven, Case No. 10,156, is referred to as holding that an attachment issued after the summons by which the suit was commenced is a separate and not an "original process," within the meaning of the twelfth section of the act of September 24, 1789, (1 Stat. 79.) This case was decided in 1854. The act of March 3, 1875, (18 Stat. 471,) § 4, provides that "when any suit shall be removed from a state court to a circuit court of the United States, any attachment or sequestration of the goods or estate of the defendant had in such suit in the state court shall hold the goods or estate so attached or sequestered to answer the final judgment or decree in the same manner as by law they would have been held to answer final judgment or decree had it been rendered by the court in which such suit was commenced: and all bonds, undertakings, or security given by either party in such suit prior to its removal shall remain valid and effectual, notwithstanding said removal; and all injunctions, orders, and other proceedings had in such suit prior to its removal shall remain in full force and effect until dissolved or modified by the court to which such suit shall be removed."]