ANDREW LEIGHTON *vs.* GEORGE BROWN & another.

In an action of replevin the case was submitted by rule of court to a referee, who rendered an award for a return of the property with damages for its detention and costs of the reference and of court, on which award judgment was entered, but the plaintiff then refused to return the property on demand. In an action on the replevin bond, *Held*, that judgment should be entered for the penal sum and interest thereon from the time of such demand and refusal; and execution issue for the value of the property at that time, and interest thereon since, and also for the amount of the judgment for damages and costs awarded by the referee, with interest thereon from the date thereof, if the same had not been paid; provided that the sum thus computed should not exceed the amount of the judgment on the bond, in which event execution should issue for the exact amount thereof.

CONTRACT on a replevin bond. In the superior court these facts were agreed: On April 21, 1863, the defendant Brown replevied from this plaintiff the schooner Charlotte, and, with the other defendant as one of the sureties, gave in due form the bond in question in the sum of ten thousand three hundred and thirty-four dollars, being twice the appraised value of the vessel. Afterwards, by agreement, the case was submitted by rule of court to a referee, who on July 24, 1866, rendered an award that the defendant in replevin "have judgment for a return of the property replevied, for one thousand and seven dollars damages, for his costs of this reference and his costs of court," upon which award judgment for a return of the schooner was entered and a writ of restitution duly issued on November 12, and a demand duly made on the defendant Brown for the property on November 15, which being refused, this action was begun on March 26, 1867.

The plaintiff contended that, at the time of his judgment and demand for a return of the schooner, the value of the vessel was greater than the penal sum of the bond, and that he was "entitled to her full value at the time of said judgment for return and demand, as damages in this action." But the defendants, though admitting that at the time of such judgment and demand the schooner was of greater value than when replevied, contended that "the true measure of damages was her appraised

value, or her value at the time she was replevied, and that in no event could the plaintiff recover more than said ten thousand three hundred and thirty-four dollars."

The question of the measure of damages was reserved by *Foster*, J., for determination by the full court, the parties agreeing for the appointment of an assessor to compute them upon the basis of the decision, and for judgment and execution accordingly.

*S. Bartlett & C. P. Thompson*, for the plaintiff.

*B. H. Smith*, for the defendants.

FOSTER, J. Judgment is to be entered in favor of the plaintiff for the penalty of the bond. Gen. Sts. *c.* 133, §§ 9, 10. But interest on the penal sum therein named from the date of the breach may be added as damages for the detention, and will form a part of the judgment for the penalty to be rendered both against principal and sureties. *Bank of Brighton* v. *Smith*, 12 Allen, 243. Execution is to be awarded for so much of the penalty as shall be ascertained to be justly due, but it can in no event exceed the judgment.

The breach assigned is the failure of the principal defendant, as plaintiff in the replevin suit, to comply with the order to return the property replevied, which was a part of the final judgment in that action. Damages for that breach must be the value of the property replevied. In ascertaining the value of the schooner which was taken by the replevin writ and which the principal defendant now fails to restore, the leading principle is, that the party who has been deprived of his property is entitled as far as possible to complete indemnity. The appraisal made in the replevin suit is conclusive against the party by whom it was made. *Parker* v. *Simonds*, 8 Met. 205. But it is not admissible in evidence against the present plaintiff, who, as defendant in the replevin action, had no agency in procuring his valuation. *Kafer* v. *Harlow*, 5 Allen, 348. In the present ase the value was greater at the date of the final judgment ordering a return than at the date of the appraisal. The value at the date of a demand for the restoration of the property in compliance with the order of return is the measure of damages

for which the plaintiff contends, and to which, in the opinion of the court, he is entitled. *Swift* v. *Barnes,* 16 Pick. 194.

The judgment for damages awarded by the referee for the detention of the property pending the replevin suit, together with the costs of that action and interest on that judgment, may also be included in the assessment of damages for a breach of the bond, if the same have not been paid. But the award is merged in the judgment upon it, and no interest can be allowed upon the award previously to the rendition of the judgment.

The assessor to be appointed will compute the damages upon the principles above stated; and if they equal or exceed the judgment, execution is to be awarded for the exact amount thereof.