### ANSEL WRIGHT *vs.* PATRICK QUIRK & another.

A report of a case before verdict by the superior court to this court under the St. of 1869, c. 438, must show what questions of law arose in that court, and were intended to be reported.

A defendant in replevin, who has recovered a judgment for a return, may maintain an action on the replevin bond, upon failure of the plaintiff in replevin to return the property, without a previous demand or suing out a writ of return.

In an action on a replevin bond, judgment for the plaintiff must be for the penalty of the bond, but execution can issue for so much thereof only as is due and payable in equity and good conscience for the breach proved, and either party has a right, under the Gen. Sts. c. 133, § 10, to have the value of the replevied property assessed by a jury.

The sum named in a replevin bond as the value of the property is competent but not conclusive evidence of its value, against the obligors, in an action on the bond.

The officer's return, and the appraisal of the property, on a writ of replevin, are not competent evidence of the value of the property, in an action on the replevin bond.

In an action on a replevin bond, the testimony of any witness of competent knowledge to the value of the property is admissible.

Property attached by an officer upon mesne process was replevied from him. In the replevin he recovered judgment for a return of the property, and no return being made, he brought an action on the replevin bond. *Held,* that damages recovered against him by the plaintiff in replevin, for a false return on the process upon which he originally attached the property, could not be recouped or set off against the damages recoverable by him in the action on the bond.

CONTRACT on a replevin bond taken by a deputy of the sheriff of Hampshire, from whom property attached by him on the writs in two actions against John Quirk was replevied by this defendant Patrick Quirk.

At the trial in the superior court at October term 1869, *Scudder*, J., by consent of the parties, withdrew the case from the jury, and reported it under the St. of 1869, *c.* 438.* The report, of which the papers mentioned therein, and the pleadings, were made parts, was as follows :

" It appeared that none of the articles taken on the replevin writ had ever been returned to the plaintiff, nor had anything been paid to him upon the judgment in the replevin suit or in the suit upon which the attachment was made. It also appeared in evidence that an execution was issued in the suit upon which said goods were originally attached, on November 25, 1867 ; and the officer testified that he had not been able to make any service thereof.

" The defendant offered in evidence the return of the officer on the replevin writ, to which the plaintiff objects, as showing the value of the property taken on the replevin writ to be $450 ; which was the only evidence of value offered by either party, except the replevin bond offered by the plaintiff and objected to by the defendant.

" It appeared that the bond for $1000, taken by the officer in the replevin suit, was made out and signed at Easthampton, before the service of said writ, and taken by the officer to Cummington, where the goods were ; that the officer at Cummington appointed three persons to appraise said property ; but that the plaintiff was not present at said appointment or appraisal, and took no action in regard to the same.

" The defendant offered in evidence the only summons served by the officer in said action on which the original attachment of said goods was made, as showing a defective service of said original writ ; to which the plaintiff objects.

" The defendant also put in evidence the amounts of said judgments in the suits upon which said attachments were made, which

---

* " Questions of law, whether arising upon a trial or other proceeding before the superior court, may, by consent of the parties to the suit, be reported before verdict for the determination of the supreme judicial court ; and so much of the case as is necessary for the understanding of said questions shall be reported for that purpose."

were as follows : *Moore* v. *John Quirk*, $244.12 ; *Dewey* v. *John Quirk*, $311.28.

" It also appeared that no demand had ever been made by the plaintiff upon the defendant for a return of said goods.

" The questions of law arising upon the foregoing facts are hereby reported before verdict to the supreme judicial court for determination, by consent of the parties to the suit."

Upon the case coming on for argument, THE COURT inquired what questions were understood to be presented by this report. *D. W. Bond*, for the plaintiff, contended that any questions were open which the parties might wish to argue upon the facts reported. But

BY THE COURT. The report is imperfect in not stating or showing what questions arose in the superior court or were intended to be reported for the determination of this court.

*Report dismissed.*

The case was tried again in the superior court at October term 1870, and a verdict returned for the plaintiff, before *Rockwell*, J., who allowed the following bill of exceptions :

" It appeared that the plaintiff, as deputy sheriff, had attached the replevied property in two actions of contract against John Quirk ; that after such attachments the same was replevied from him by Patrick Quirk ; that judgments were recovered against John Quirk upon the suits in which said attachments were made, one for the sum of $244.12 and the other for $311.28 ; that, previously to the service of the replevin writ, the bond on which this action is brought was executed at Easthampton, by said Patrick and the other defendants, in the sum of $1000, and thence taken by the officer to Cummington, where the property was appraised by appraisers duly appointed by the officer, and then taken on the writ of replevin ; that in said replevin judgment was obtained, by default, for a return of the replevied property ; and that without making any demand for a return of the same, or suing out a writ of return, the plaintiff commenced this action against the principal and sureties on the bond. The defendants asked the judge to rule that the plaintiff could not maintain his action

against the defendants till after a demand for return of the property. The judge declined so to rule, but ruled that the action could be maintained without first making such demand, or suing out a writ of return.

"The plaintiff offered in evidence the replevin bond, but introduced no other evidence of the value of the property. The defendants asked the judge to rule that, as no evidence of the value of the property had been introduced, the damages for failing to return it must be merely nominal. The judge declined so to rule, but ruled that the bond itself was evidence of the value of the property; that the bond, being in $1000, was evidence that the value of the property was $500, and was to be so taken, in the absence of any other evidence, in assessment of damages. The defendants then asked the judge to submit the question of the value of the property to the jury, to be ascertained by them; and he declined to do so.

"The defendants offered the officer's return in the replevin action, and the appraisal, as evidence of the value of the property replevied; but the judge excluded the evidence."

"The defendants called the officer who served the replevin writ, and proposed to ask him the value of the property replevied, as an expert; but the judge refused to allow him to testify.

"The defendants offered in evidence the only summons served by the officer in the action on which the original attachment of said goods was made, [copies of which summons and of the officer's return were annexed to the bill of exceptions,] as showing a defective service and false return in said original action, in which judgment was obtained by default. The plaintiff objected to this evidence; and the judge excluded it. The defendants asked the judge to rule that they were entitled to show that they sustained damage by reason of the false return of the plaintiff in said first action on which said goods were attached, and that such damages might be recouped in this adjustment; but the judge declined so to rule."

"A verdict was taken under the direction of the judge for $500 as the value of the replevied property; $13.49 as costs of the replevin; and 12 per cent. interest on the $500 from November 25,

1867, the date of the execution of the first suit against John Quirk; amounting in all to $688.29. To the above rulings and refusals to rule the defendants alleged exceptions," which were argued at September term 1871.

*W. G. Bassett*, for the defendants.

*D. W. Bond & H. H. Bond*, for the plaintiff.

GRAY, J. The bond in suit is in the form directed by statute, and required the plaintiff in replevin to return the property replevied in case such should be the final judgment. Gen. Sts. *c.* 143, §§ 3, 12. Judgment having been given for a return, the failure of the plaintiff in replevin to return the property was a breach of the bond, and an action might be immediately brought upon it, without previous demand, or suing out a writ of return. *Cook* v. *Lothrop*, 18 Maine, 260. *Parker* v. *Simonds*, 8 Met. 205. The execution of the bond being admitted, and a breach being thus shown, the plaintiff in this action was entitled to judgment for the penalty of the bond. Gen. Sts. *c.* 133, § 10. *Davis* v. *Harding*, 3 Allen, 302. *Leighton* v. *Brown*, 98 Mass. 515.

But execution should issue for so much only of the penal sum as was due and payable in equity and good conscience for breach of the condition; and either party had the right to have the assessment made by a jury. Gen. Sts. *c.* 133, § 10. The sum named in the bond was evidence, and, if uncontradicted, sufficient evidence, against the obligors, of the value of the property. *Parker* v. *Simonds*, 8 Met. 205. But it was not conclusive. *Clap* v. *Guild*, 8 Mass. 153. *Mattoon* v. *Pearce*, 12 Mass. 406, 408. The officer's return and the appraisal in the action of replevin were not evidence of the value of the property against the defendant in replevin, now plaintiff, who had no part in procuring them to be made. *Kafer* v. *Harlow*, 5 Allen, 348. *Leighton* v. *Brown*, 98 Mass. 515. But any witness of competent knowledge might testify to the value of the property. *Vandine* v. *Burpee*, 13 Met. 288, 291. *Commonwealth* v. *Dorsey*, 103 Mass. 412, 419. The court having rejected such testimony, and refused to submit the question of the value of the property to the jury, the defendants' exceptions must be sustained.

The damages recovered by the officer upon the bond given on the replevin of the property attached would be held by him in trust, after payment of his own fees and expenses, for the benefit both of the attaching creditor and of his debtor. Gen. Sts. *c.* 143, § 15. *Mattoon* v. *Pearce*, 12 Mass. 406, 411. Damages against the officer personally for a false return on the writ in the original action could not be recouped or set off against such damages. The evidence offered and the ruling requested upon this point were therefore rightly rejected. *Exceptions sustained.*