FRANK DALBY, FOR THE USE OF GEORGE W. WHITE-
HEAD,

v.

J. M. CAMPBELL ET AL.

*Replevin—Action on Bond—Measure of Damages—Vindictive Damages
—Attorney's Fees—Depreciation in Value—Good Will—Pleading—Sur-
plusage.*

1.  Vindictive and punitive damages are not recoverable in a suit on a
replevin bond for a breach of the condition thereof.

2.  The actual damages sustained by the defendant in replevin by reason
of the wrongful suing out of the writ, are the only damages which can be
properly averred and recovered in such an action.

3.  Attorney's fees paid in defending the replevin suit and damages aris-
ing from the depreciation in the value of the property during its wrongful
detention, may be recovered. But damages to the good will of the business
of the defendant in replevin, can not be so recovered.

4.  Where the declaration does not aver and claim specific damages for
each of the several injuries mentioned, what is said as to such injuries may
be rejected as surplusage.

[Opinion filed January 4, 1888.]

APPEAL from the Circuit Court of Edwards County; the
Hon. C. C. BOGGS, Judge, presiding.

Mr. S. S. WHITEHEAD, for appellant.

Mr. H. J. STRAWN, for appellees.

GREEN, P. J.   This was a suit on replevin bond, brought
by appellant for the use of the defendant in the replevin suit
against appellees, the obligors in the bond.   A demurrer to
the amended declaration, general and special, was sustained as to
some of the special causes assigned, and overruled as to all
the others.   Thereupon plaintiff refused to prosecute for the
recovery of those damages only, for which, by such ruling of
the court, he was permitted to maintain his suit, and elected

Dalby v. Campbell.

to stand by his amended declaration. The court then dismissed the cause for failure to prosecute and entered judgment against plaintiff for costs, to reverse which judgment he appealed.

The property replevied was the press, type, fixtures, etc., in the possession of said Whitehead, and used by him in printing and publishing a newspaper, and for job work. The ruling of the court upon said demurrer is assigned for error, and is practically the only question in the case. The controversy is as to the kind and character of injuries for which plaintiff can legally recover damages in this suit, and the special causes of demurrer are aimed at averments which, appellees insist, set up and claim damages not recoverable in this form of action, for the injuries therein mentioned. The four several breaches assigned and the averments thereunder are quite voluminous, and need not be here reproduced. We will comment only on such parts thereof as are material.

We do not understand under the first breach assigned specific damages are claimed, except for the value of the use of the property during the time of its wrongful detention, and for costs, expenses and attorney's fees, necessarily paid out and incurred in defense of the replevin suit. All that is averred under said breach concerning profits, earnings, contracts and breaking up the business of said Whitehead, is not followed by, or connected with, an averment of specific damage therefor, and may be treated as surplusage. And under the second breach assigned, if it was the purpose of the pleader to aver and claim specific damages for each of the several injuries mentioned other than the deprivation of the use of said property, and the value of such use during the time of the wrongful detention thereof, and the costs, expenses and attorney's fees, he has not used apt words to effect such purpose.

Under the 3d breach assigned, it is averred the replevin writ was sued out vexatiously and maliciously by the defendants, and vindictive and punitive damages are claimed to be recoverable by reason thereof. Under the 4th breach assigned, it is averred "said George W. Whitehead was dam-

aged in the good will of his business the further sum of $500." The special demurrers to these averments under said 3d and 4th breaches were properly sustained by the court below. Vindictive and punitive damages are not recoverable in a suit on a replevin bond for a breach of the condition thereof. In Spaids v. Barret, 57 Ill. 290, this question is discussed with reference to a bond in attachment. And such a bond, even, is there held not to be a security for vindictive damages, nor are we advised of any authority for the recovery of damages in a suit of this character, because the defendant in replevin is damaged in the good will of his business. This being an action *ex contractu*, and not in *tort*, vindictive and exemplary damages are not recoverable, but the actual damages sustained by the defendant in replevin, by reason of the wrongful suing out of the writ, are the only damages which can be properly averred and recovered in this case. We will not attempt to state specifically and in detail all such damages, but appellant can rightfully aver damages for injury to the replevied property, and depreciation in the value thereof while unlawfully detained from him, for the value of its use during the time of such detention, and for the amount of attorney's fees, costs and expenses he necessarily expended or incurred in defending his right to said property and securing the return thereof, and such damages he would be entitled to recover to the extent he proved the same. The general rule as to the measure of damages recoverable for the breach of the condition of a penal bond, is thus stated by Sedgwick in his treatise: "No other sum can be recovered under a penalty than that which shall compensate the plaintiff for his actual loss." Sedg. on the Measure of Damages, Chap. 16, side page 396.

The views we have expressed touching the proper elements of damage in actions like this are supported by Odell v. Hole, 25 Ill. 204; Shepard v. Butterfield, 41 Ill. 76, and Petrie v. Fisher, 43 Ill. 442. The Circuit Court erred, however, in sustaining the special demurrers to the averment of damage for attorney's fees paid by appellant in defending said replevin suit, and to the averment of damage by reason of the depreciation in value of the replevied property, occasioned by the

wrongful detention. These were elements of damage plaintiff below had the right to aver and prove, and he should have been permitted to prosecute his suit therefor. The judgment of the Circuit Court is reversed and the cause remanded.

*Reversed and remanded.*