# Martin J. Schott

## v.

## Charles S. Youree, late Coroner, for use, etc.

*Replevin—Bond—Action of Debt on—Pleading—Practice—Evidence.*

1. A variance is a substantial departure from the legal effect of the instrument sued on.

2. If the judgment in a given case can be pleaded in bar of another action on a bond claimed to be inadmissible upon the ground of variance, the admission thereof can not be complained of.

3. A copy of proceedings in a given suit in another county may be certified to in the name of the clerk by his deputy.

4. In an action brought by an ex-coroner of a given county for the use of a person named, in debt on a bond given to said coroner and his successors in office by a firm subsequently insolvent, as plaintiffs and principals in a replevin suit begun by them against the sheriff of such county and a custodian, for the recovery of certain personal property mentioned in such bond, it being conditioned to prosecute the suit with effect, or make return of the property to said defendants in case return thereof should be awarded, this court holds as proper, the sustaining of a demurrer to certain pleas filed by the defendant, the usee having no lien on the property of said firm, or the property replevied, the same having been burned; also that he was not bound to present his claim against the insolvent estate; that his failure to do so would only affect his interest as against other creditors who had presented and proved up their claims, the fact being that his only claim against the estate rested in his right of action on the replevin bond, by the giving of which he was prevented from obtaining satisfaction of his judgment.

5. In such case the fact that the complainant obtains judgment against the insolvent estate, will not work a satisfaction of his claim on the bond. Payment of the judgment would only accomplish it.

6. A plea in such case that the property replevied was afterward burned and therefore could not be returned, is not good.

7. A suit on such a bond may be brought in the name of the officer after his term expires; it is taken not only to indemnify the officer, but to protect the defendant or interested party in the replevin suit as well. The use of the words in the bond, "or his successor in office," do not affect the right of the defendant in the replevin suit to use the name of the coroner to whom the bond was given.

8. It is not necessary in such case, so far as the defendant is concerned, that there should be any averment in the declaration that the usee had any interest in the bond.

[Opinion filed September 11, 1891.]

In error to the Circuit Court of Madison County; the Hon.
B. R. Burroughs, Judge, presiding.

Mr. A. W. Metcalfe, for plaintiff in error.

Messrs. Wise & Davis, for defendant in error.

Sample, J. This suit was brought by appellee, late coroner,
etc., for use of Gruaz, an execution creditor, against appellant,
surety on a replevin bond, in a suit wherein F. Ryhiner & Co.
were plaintiffs, and Hotz, sheriff, and Brunschweiller, custo-
dian, were defendants. The replevin suit was dismissed and a
writ of *retorno* awarded. The appellant filed seven pleas,
setting up the defenses : 1, *non est factum;* 2, that the case
was not tried on its merits, etc.; 3, that F. Ryhiner & Co.
had failed and made an assignment, and that Gruaz should
have filed his claim against the estate; 4, that after the prop-
erty had been replevied it was burned without fault or negli-
gence of any one; 5, *nul tiel* record as to change of venue in
the replevin case set up in the declaration; 6, *nul tiel* record
as to the judgment in the replevin case; 7, that Gruaz filed
claim against the insolvent estate of F. Ryhiner & Co., and
got judgment for $4,000, and thus his judgment was satisfied.
Issue was joined on the first, second, fifth and sixth pleas, and
a demurrer was sustained to the others. A jury was waived
and trial had before the court, which rendered judgment in
favor of appellee for the sum of $3,400, from which this writ of
error is prosecuted and numerous errors are assigned, to
enlarge upon all of which would unduly extend this opinion.
The demurrer to the pleas was properly sustained; Gruaz had
no lien on the property of F. Ryhiner & Co. in general, or the
property which had been replevied, which the evidence shows
was burned. He was not, therefore, bound to present his claim
against the insolvent estate, as set up in the third plea. His
failure to do so would only affect his interest as against the
other creditors who had presented and proved up their claims.
His judgment was not against F. Ryhiner & Co., but against

the corporation known as the Highland Mechanical Works. The only claim he had against the estate rested in his right of action on the replevin bond, by the giving of which he was prevented from obtaining satisfaction of his judgment. Having no lien against the F. Ryhiner & Co. estate, and his only claim against the firm or this surety, the appellant, resting merely in a right òf action on the replevin bond, the appellee could bide his time during the running of the statute of limitations, within which to enforce it. The mere fact that the appellee had obtained judgment against the estate, as set up in the seventh plea, would not work a satisfaction of his claim on the bond. Payment of the judgment would only accomplish that result.

The plea setting up that the property replevied was afterward burned and therefore could not be returned, was not good, as has been held by this court in the case of Suppiger et al. v. Gruaz, 36 Ill. App. 60. Two other points are made by appellant that arise on the face of the papers: 1, that as the replevin bond ran to Charles A. Youree, coroner, etc., and his successor in office, unless he was, at the time of this suit, his own successor, which is not claimed, this suit could not be maintained in his name; 2, that the bond was not admissible in evidence because there is no averment in the declaration that Gruaz, the usee, had any interest in the bond.

It has been held that a suit on such a bond may be brought in the name of the officer after his term expires. Petrie v. Fisher, 43 Ill. 442.

The bond is not only taken to indemnify the officer but to protect the defendant or interested party in the replevin suit as well. Ibid.; Fahnestock v. Gilham et al., 77 Ill. 638.

The use of the words in the bond " or his successor in office," did not affect the right of the defendant in the replevin suit to use the name of the coroner to whom the bond was given. It is substantially a statutory bond which makes no provision for such a bond running to the officer taking it, and his successor; neither is there any authority cited holding that in such case the right of action in the officer named ceases at the expiration of his term and the right becomes vested in his

successor. He is the one interested in taking a sufficient bond, because that responsibility devolves upon him. His successor can have no legal interest in the matter. It was not necessary, so far as the appellant was concerned, that there should be an averment in the declaration that the usee, Gruaz, had any interest in the bond.

In the case of Atkins v. More, 82 Ill. 240, the point was made that in a suit on a replevin bond " it could not be brought for the use of a person not a party to the replevin suit, and that even if it could be, the interest of such person and his connection with the bond must be set forth in the declaration." The court held it was no concern of the defendant for whose use the action was brought. It is also urged that the bond was inadmissible in evidence because there was a variance.

A variance is a substantial departure from the *legal effect* of the instrument sued on. Wheeler v. Reed et al., 36 Ill. 81.

If the judgment rendered on it would be a bar to another suit for same cause of action, the rule of *allegata et probata* is fully answered. There is no doubt but that the judgment in this case could be pleaded in bar of another action on the bond against this appellant. What has been said disposes of the first propositions of law that were submitted to the court and refused.

The appellant could not attack collaterally the jurisdiction of the court entering the judgment in the replevin case, even if, as claimed, the venue was changed on motion instead of on petition. At most, the judgment would only be voidable and not void. Weiner v. Heintz, 17 Ill. 259; Gartside v. Outley, 58 Ill. 210.

The certificate of the clerk of the Circuit Court of Jersey County to the writ of *retorno* by his deputy, was good. He had a legal right to so certify in the name of his principal, and there is no fatal variance. The only purpose of reciting the names of the parties was to identify the writ as having been issued in that suit, taking the writ itself, all the names and the date into consideration, and there could be no question as to its identity; besides, as the record shows, the objec-

tion was general and not specific, as it should have been to be available, even if good.

The real question in this case is as to who was the owner of the property replevied, F. Ryhiner & Co., or the Highland Mechanical Works. If the trust deed under which Ryhiner & Co. claim title was actually paid, then, of course, its foreclosure thereafter and purchase by them could vest no title. The trust deed unquestionably covered the machinery that was in there at the time that instrument was executed, and no subsequent manifestation or declaration of intention thereafter, by subsequent purchasers of the premises, could affect or change the rights of the *cestui que trust*, and therefore the admission of evidence as to such intention was erroneous, if admitted other than as a mere offer, which is frequently done in the trial of cases before the court. Volloteon testified that the conveyance of the property to Adolph F. Bandelier was in payment of the indebtedness owing to the bank, secured by the trust deed, and also about $2,500 or $3,000 of other indebtedness to the bank, and that he received no other consideration; that the receipt given was in the name of F. Ryhiner & Co., and while the transaction was with the trustee, yet there was talk with his father, a member of the firm of F. Ryhiner & Co., who, as he states, knew the terms and conditions of the transfer. It further appears by the testimony that at that time A. F. Bandelier, the trustee, was an active manager in the business of the bank, and that for years no claim was made for the payment of such indebtedness. It further appears that A. F. Bandelier conveyed this property to the Highland Mechanical Works by warranty deed not subject to the trust deed. In the face of this testimony and these circumstances and in the absence of all direct evidence of contradiction, it would seem that the trust deed had been paid. It is true, as a matter of law, that a trustee has no power to settle the indebtedness secured without the consent of the *cestui que trust*, yet, taking the relations of the parties and all the surrounding circumstances into consideration, it is thought the evidence fairly sustains appellee's claim that its payment and satisfaction was known and consented to.

It was not error to allow six per cent interest on the value of the property, as held in Hopkins v. Ladd, 35 Ill. 178. The court's valuation of the property was not placed too high, in view of the fact that the aggregate of interest for over six years would, of itself, have amounted to quite a sum of money. There being no substantial error in the record, the judgment is affirmed.

*Judgment affirmed.*