### ROBERT E. MAGUIRE vs. PAN-AMERICAN AMUSEMENT COMPANY & others.

Suffolk.    January 10, 1910. — February 23, 1910.

Present : KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & SHELDON, JJ.

*Replevin,* Bond. *Damages,* In action on replevin bond. *Practice, Civil,* Costs. *Interest. Estoppel. Evidence,* Presumptions and burden of proof.

In an action upon a replevin bond, the condition in which is that the obligor "shall prosecute said action of replevin to final judgment, and shall pay such damages and costs as the said [defendant in replevin] shall recover against [the obligor], and shall also return the property replevied, in case such shall be the final judgment," there can be no recovery for the expenses, including counsel fees, which the defendant in the replevin suit was obliged to incur in defense of that suit and in the prosecution of the suit upon the bond, both because the bond includes no provision for the payment of such expenses, and because the taxable costs which are recovered in such cases are in the contemplation of the law a full indemnity for all the expenses incurred in defense and in prosecution.

In an action upon a replevin bond, the plaintiff cannot recover interest upon the value of the property detained for a period previous to the judgment in the replevin suit.

All the damages up to the time of judgment, which the defendant in a replevin suit in case he is successful may recover for the taking and detention of the re-plevied property, including interest upon the value of the property, if such interest is taken to be the damages for the detention, and also including the interest at the rate of twelve per cent allowed by R. L. c. 190, § 11, in case at the time the goods were replevied they were under attachment and the service of an execution is thereby delayed, should be assessed in the replevin suit, and if such damages are not included in the judgment in the replevin suit, they cannot be recovered at all.

In an action upon a replevin bond, the defendant, who was the plaintiff in the re-plevin suit, is not estopped to prove that the value of the goods replevied was less than $5,000 by the facts that the replevin writ contained an order that the officer should deliver the replevied property to the plaintiff named in the writ if the plaintiff "shall give bond . . . in the sum of $10,000, being twice the value of" the property replevied, and the fact that such bond for $10,000 was given and accepted by the officer who served the writ and was delivered to the defendant, such recitals being evidence but not conclusive evidence.

In an action upon a replevin bond where it appears that the defendant, who was the plaintiff in the replevin suit, has failed to return the property which he seized by virtue of the replevin writ and which the judgment in the replevin suit directed him to return, the plaintiff is entitled to recover, besides the amounts awarded to him as damages by the judgment in the replevin suit and interest thereon at six per cent from the date of such judgment, the fair market value of the property in as good order and condition as it was at the date of the final judgment in the replevin suit; plus interest on such amount at the rate of six per cent.

CONTRACT upon a replevin bond.  Writ dated May 4, 1906.

The case was tried before *Brown*, J., when the following facts appeared.

The plaintiff, Robert E. Maguire, is a deputy sheriff of the county of Suffolk.   On September 9, 1902, by virtue of a writ in an action of one Charles Messenger against the Lederer Amusement Company, he attached certain personal property consisting of scenery, costumes, and theatrical properties then being used in the production of a play at the Colonial Theatre in Boston. . On September 11, 1902, the property was taken out of Maguire's hands by virtue of a replevin writ issuing from the Circuit Court of the United States for the First Circuit, District of Massachusetts, in which the Pan-American Amusement Company was plaintiff and Maguire was defendant.   This writ, after directing the seizure of the goods and naming the parties, ordered the United States marshal or his deputy to "summon the said Robert E. Maguire . . . to answer unto the said Pan-American Amusement Company in a plea of replevin, for that the said Robert E. Maguire, on the ninth day of September, at Boston, unlawfully, and without any justifiable cause, took the goods and chattels of the said Pan-American Amusement Company as aforesaid, and them unlawfully detained to this day, to the damage of the said Pan-American Amusement Company, as it says, the sum of twenty thousand dollars: Provided it, the said Pan-American Amusement Company, shall give bond to the said Robert E. Maguire with sufficient surety or sureties, in the sum of ten thousand dollars, being twice the value of the said goods and chattels, to prosecute the said replevin to final judgment, and to pay such damages and costs as the said Robert E. Maguire shall recover against him, and also to return and restore the same goods and chattels, in like good order and condition, as when taken, in case such shall be the final judgment."

Annexed to the writ was the following certificate:

" Boston, September 11, 1902.   We, the subscribers, being first duly sworn, have examined the within-named property and appraised the value thereof at four thousand dollars ($4000). Allen M. Sheehan, J. Lod Sutherland, Julian B. Hart."

The officer's return upon the writ was as follows:

" United States of America, Massachusetts District, ss. Boston, September 11, 1902. By virtue of this writ, I, this day, appointed as appraisers three disinterested and discreet men, to wit, Allen M. Sheehan, J. L. Sutherland, and Julian B. Hart, who were duly sworn by me to the faithful discharge of their duties, and who appraised the within named articles, to wit, [describing the property] to the value of four thousand (4000) dollars, as appears by their certificate hereto annexed. I also took from the within-named Pan-American Amusement Company, plaintiff, a bond to the within-named Robert E. Maguire, defendant, with sufficient sureties approved by me in double the value of said property so ascertained, with condition to prosecute the replevin to final judgment, and to pay such damages and costs as the said Robert E. Maguire shall recover against him, and also to return the said property in case such shall be the final judgment, which bond I herewith return. And thereupon I replevied the above-described property and delivered the same to the said Pan-American Amusement Company, plaintiff, and summoned the said Robert E. Maguire to appear at court as within directed by giving to him in hand a true and attested copy of this writ. F. X. MacDonald, Deputy U. S. Marshal."

The bond which was given to the deputy marshal, and which is the basis of this suit, was as follows:

" Know all men by these presents that we the Pan-American Amusement Company of City, County and State of New York as principal, and Isaac B. Rich and Thomas B. Lothian both of Boston in the County of Suffolk and Commonwealth of Massachusetts as sureties, are holden and stand firmly bound unto Robert E. Maguire of Boston in the County of Suffolk and Commonwealth of Massachusetts in the sum of Ten Thousand dollars, to the payment of which to the said Robert E. Maguire or his executors, administrators, or assigns, we hereby jointly and severally bind ourselves, our heirs, executors, and administrators.

" The condition of this obligation is such that whereas the above bounden Pan-American Amusement Company, on the tenth day of September sued out a writ of replevin returnable before the United States Circuit Court to be holden at Boston within and for the District of Massachusetts on the fifteenth day of October next.

" Now if the above bounden Pan-American Amusement Company shall prosecute said action of replevin to final judgment, and shall pay such damages and costs as the said Robert E. Maguire shall recover against it, and shall also return the property replevied, in case such shall be the final judgment, then this obligation shall be void, otherwise it shall be and remain in full force and virtue.

" In witness whereof we hereunto set our hands and seals this tenth day of September, A. D., 1902." Signatures and seals and the approval of the sureties by the deputy marshal were appended.

The action of Messenger v. Lederer Amusement Company was removed from the Superior Court for the county of Suffolk to the Circuit Court of the United States for the First Circuit, District of Massachusetts, where it was tried and the plaintiff recovered a judgment on November 10, 1903, for $6,188.46, debt or damage, and $59.56, costs.

On November 17, 1904, a verdict was rendered for Maguire in the replevin suit, and the jury assessed his damages in the sum of $1. The Circuit Court of Appeals affirmed the rulings of the Circuit Court, and on January 18, 1906, final judgment was entered in the Circuit Court against the Pan-American Amusement Company for the return of all the property replevied, for $1.05 as damages, and for $180.20 as costs of suit. The execution having been in no part satisfied, this action was brought upon the bond.

At the close of the evidence, after refusing to make the rulings described in the opinion, the presiding judge ordered a verdict for the penal sum of the bond, namely, $10,000, and that damages be assessed in the sum of $6,461.50, which sum was made up as follows : $5,000 for the value of goods ; $1,279.25 interest ; and $182.25, the amount of damages and costs for which execution issued in the original replevin suit. Both the plaintiff and the defendants alleged exceptions.

*T. J. Barry*, (*A. E. Burr* with him,) for the defendants.

*J. P. Russell*, (*F. M. Whitman* with him,) for the plaintiff.

SHELDON, J. 1. The plaintiff's first exception is to the refusal of the judge to allow him to show what expenses he had been obliged to incur in the defense of the replevin suit, including counsel fees, and also in the present action on the bond.

His contention is that he is entitled to these sums as a part of the expenditures which he has been obliged to make in order to get back his property or its value. *Stern* v. *Knowlton*, 184 Mass. 29. *Berry* v. *Ingalls*, 199 Mass. 77. But to this contention there are two sufficient answers.

In the first place, the condition of the bond which constitutes the agreement upon which the plaintiff must rely, was simply that the principal defendant should pay whatever damages and costs this plaintiff should recover against it, and return the property replevied if such should be the final judgment. That is the limit of the defendant's obligation. *Swift* v. *Barnes*, 16 Pick. 194. *Leighton* v. *Brown*, 98 Mass. 515. In the second place, the taxable costs which the prevailing party recovers in each case are in the contemplation of the law a full indemnity for all the expenses incurred in his defense or prosecution. *McIntire* v. *Mower*, 204 Mass. 233, and cases cited. *Barnard* v. *Poor*, 21 Pick. 378. *Henry* v. *Davis*, 123 Mass. 345. We have never followed the Illinois cases in which, under the prescribed form of replevin bonds, reasonable counsel fees have been allowed to a successful defendant in replevin. *Gilbert* v. *Sprague*, 196 Ill. 444, 453. *Harts* v. *Wendell*, 26 Ill. App. 274. *Dalby* v. *Campbell*, 26 Ill. App. 502. This case does not resemble *Berry* v. *Ingalls*, 199 Mass. 77 ; and the defendants were under no obligation, by contract or otherwise, to indemnify the plaintiff for whatever expense was caused to him, as in *Pond* v. *Harris*, 113 Mass. 114 ; *New Haven & Northampton Co.* v. *Hayden*, 117 Mass. 433 ; *Westfield* v. *Mayo*, 122 Mass. 100 ; *Faneuil Hall Ins. Co.* v. *Liverpool & London & Globe Ins. Co.* 153 Mass. 63 ; *Boston & Albany Railroad* v. *Charlton*, 161 Mass. 32 ; *Wheeler* v. *Hanson*, 161 Mass. 370 ; and *Consolidated Hand-Method Lasting Machine Co.* v. *Bradley*, 171 Mass. 127, 133.

This exception cannot be sustained.

2. The plaintiff claimed interest on the value of the property from the time that it was taken on the replevin writ ; but the judge ruled that he could recover interest only from the date of the verdict in the replevin suit. This ruling was too favorable to the plaintiff, and so he cannot complain of it. The damages for the taking and detention of the property, to the time of the judgment in the replevin suit, should be assessed in that suit ;

and this principle includes interest upon the value of the property, if that is taken to be the damages for its detention. If and so far as these damages are not recovered in the replevin suit, then in our practice they cannot be recovered at all. *Stevens* v. *Tuite,* 104 Mass. 328. As was said in that case (p. 336), if the principal defendant had immediately upon the entry of final judgment in the replevin suit paid the amount of the damages and costs for which that judgment was rendered, and restored all the replevied property in the same condition as when taken, there would have been no breach of the bond. It is for the failure to do this that the plaintiff is entitled to recover; and it follows that he can have interest alike on the damages and costs recovered and on the value of the property only from the date of that judgment. *Swift* v. *Barnes,* 16 Pick. 194. *Leighton* v. *Brown,* 98 Mass. 515. This corresponds to the measure of damages in a suit on a bail bond. *Heustis* v. *Rivers,* 103 Mass. 398. We never have allowed a defendant in replevin to elect between having these damages assessed in the original suit and having them all finally determined in a suit on the replevin bond, as seems to have been done in Maine. *Washington Ice Co.* v. *Webster,* 62 Maine, 341. *Thomas* v. *Spofford,* 46 Maine, 408, 410.

But the property replevied was under attachment, and was held by the present plaintiff as an attaching officer. The statute provides that " if the goods when replevied had been taken on execution, or if they had been attached and judgment is afterward rendered for the attaching creditor, and if in either case the service of the execution is delayed by reason of the replevin, the damages to be assessed for the defendant upon a judgment for a return shall be at the rate of not less than twelve per cent a year on the value of the goods for the time during which the service of the execution was so delayed." R. L. c. 190, § 11. The attaching creditor here recovered judgment pending the action of replevin; the service of the execution was delayed by the replevin, and it has remained wholly unsatisfied. The plaintiff claims that he is entitled to interest at this higher rate from the date of the execution in the attachment suit to the date of the verdict in this action, and has excepted to the ruling of the judge allowing him interest at the rate only of six per cent per year. But this increased rate of interest is allowed only by way of damages

for the detention of the property whereon the execution might have been levied, and the allowance by the very language of the statute is to be made upon the "judgment for a return." It follows that recovery for this item of damages can be had only in the action of replevin itself. *Stevens* v. *Tuite*, 104 Mass. 328. *Parker* v. *Simonds*, 8 Met. 205. So far as *Huggeford* v. *Ford*, 11 Pick. 223, lays down a different rule, it cannot now be followed.

Both of the plaintiff's exceptions must be overruled.

3. The trial judge ruled that the defendants could not be allowed to show that the value of the property replevied was less than $5,000. They made several offers of proof to show what they claimed to be the value of the property, all of which were excluded. The defendants have excepted to these rulings.

It was said in some of our earlier cases that the plaintiff's averment in a writ of replevin of the value of the property which he seeks to replevy, or the recital of such value in the replevin bond, is conclusive upon him and upon his sureties in that bond, and that they cannot, when sued upon the bond after a breach of its condition, diminish the amount of their liability by proof that the property was in fact of a smaller value. *Huggeford* v. *Ford*, 11 Pick. 223. *Swift* v. *Barnes*, 16 Pick. 194, 196. *Parker* v. *Simonds*, 8 Met. 205, 213. *Leighton* v. *Brown*, 98 Mass. 515, 516. But the rule was not uniformly applied. In *Pomeroy* v. *Trimper*, 8 Allen, 398, the court, after pointing out that a plaintiff in replevin need not make any averment of the value of the property, (*Blake* v. *Darling*, 116 Mass. 300,) said that such an averment, if made, was admissible against him on the question of value, but was not conclusive against him nor in any way binding on the defendant. In *Barnes* v. *Bartlett*, 15 Pick. 71, 79, it was said that such an averment was *prima facie* evidence against a plaintiff in replevin. But it does not settle the jurisdiction of the court over the action. *King* v. *Davey*, 11 Cush. 218. In *Gordon* v. *Jenney*, 16 Mass. 465, in which the court refused to allow damages for depreciation in value of the property to a plaintiff who has kept it to abide the final judgment, this was put on the ground that he could have sold the property in such a manner as to ascertain its value, and that he would be answerable on his bond only for that real value.

But we are of opinion that the rule has been finally settled

in this Commonwealth by the decision in *Wright* v. *Quirk*, 105 Mass. 44. It was held in that case that the sum named in a replevin bond as the value of the property is competent but not conclusive evidence of that value against the obligors in an action on the bond. Either party has a right to have the value determined by a jury, and the testimony of any witness of competent knowledge is admissible as evidence of such value; and because the judge at the trial had excluded such testimony and refused to leave the question of the value to the jury, but had ruled that the defendants, the obligors of the bond, were bound by the recital of value therein contained, a new trial was ordered. That case is decisive of this question. So it was said in *Litchman* v. *Potter*, 116 Mass. 371, 373: "It is not necessary in a replevin writ to allege the value of the goods to be replevied. *Pomeroy* v. *Trimper*, 8 Allen, 398. *Blake* v. *Darling*, 116 Mass. 300. If alleged, it may under some circumstances be admissible against the plaintiff as evidence of value; *Clap* v. *Guild*, 8 Mass. 153; *Barnes* v. *Bartlett*, 15 Pick. 71; but is not conclusive evidence even on the question of jurisdiction."

We are of opinion that the judge erred in ruling that the plaintiff was entitled as matter of law against the defendants to have the property valued at $5,000, and that he should have ruled that the language of the bond afforded no more than *prima facie* evidence that the property was of that value.

We have been referred by the industry of counsel to a great many decisions upon this question in other States. As we find the rule to have been settled in this Commonwealth, we do not deem it necessary to advert to those decisions, although we have examined them all. They are not in accord, and it would be difficult to say which of the two rules contended for before us is supported outside of this Commonwealth by the greater weight of authority. But we are of opinion that as a matter of sound reason the better doctrine is that to which we adhere. If a plaintiff in replevin chooses to make a statement of the value of the property in his writ or in his bond, undoubtedly it should be regarded as an admission by him, and should afford evidence of that value against him and those who, like his sureties, are in privity with him. But it is against all the analogies of the law to treat the mere admission of a party, not essential, as we have

seen that this is not essential, to the institution or the prosecution of his proceedings, and not acted upon or intended to be in any way acted upon by the opposite party, as an estoppel. *Athol Savings Bank* v. *Bennett*, 203 Mass. 480, 485. The averment may have been made without seeing the property or knowing anything of the condition into which it has been put by the defendant in replevin. It is customary in our practice to prepare the bond in advance of the service of the writ and before an appraisal of the property has been made under R. L. c. 190, §§ 3 and 9. If this is done, the plaintiff will naturally make the penalty of the bond large enough to cover whatever appraisal may in the future be made. Under such circumstances, the fact that the bond is required to be in double the value of the property scarcely justifies the inference that the plaintiff and his sureties are estopped to deny that the value of the property is at least half of the penalty of the bond, especially since we have decided that no harm is done to any party by making that penalty needlessly large. *Clap* v. *Guild*, 8 Mass. 153. But in the case at bar the writ contained no allegation of the value of the property; the bond contains no such recital; the appraisal amounted only to $4,000; and the statement in the return of the officer that he took and returned a bond in double the value of the property replevied could not constitute a solemn averment such as to bind and estop the obligors of the bond, even under the most rigid of the decisions which have held those obligors bound by an averment of that value. Even if the plaintiff in replevin had made in his writ such an express averment, we think that, in the language of Smith, J., in *Briggs* v. *Wiswell*, 56 N. H. 319, 322, "it would be unreasonable to hold that he should be precluded from laying any evidence before the jury upon the question of value, because he may have been led, for reasons that turn out not to be well grounded, to set the value in his writ higher than it actually is." *A fortiori* is this so, where, as here, no such express averment is made, but it is a matter of inference to be drawn by coupling the language of the bond with that of the officer in his return, although the obligors had absolutely no control over the language to be used by the officer.

Accordingly the defendant's exceptions to this ruling must be sustained. It is not necessary to deal with their offers of proof

in detail.   But it was their duty, upon the rendition of the judgment for a return, to see that the property was restored to the plaintiff in like good order and condition as when taken.   *Citizens' National Bank* v. *Oldham*, 136 Mass. 515, 517.   The plaintiff is entitled to the fair market value of the property in that order and condition as of the time when it should have been delivered to him, that is, on the date of the final judgment in the replevin suit.   *Swift* v. *Barnes*, 16 Pick. 194.   *Leighton* v. *Brown*, 98 Mass. 515.   *Stevens* v. *Tuite*, 104 Mass. 328.   The damages should be assessed upon this basis.

4. The defendants have waived their exception to the refusal of the judge to rule that the plaintiff could not maintain this action, or could at any rate recover no more than nominal damages, by reason of the removal of the attachment suit to the United States court.   We do not see how that exception could have been sustained.   *Barney* v. *Globe Bank*, 5 Blatchf. 107. *Dennistoun* v. *Draper*, 5 Blatchf. 336.   *Schott* v. *Youree*, 41 Ill. App. 476, and 142 Ill. 233.   *Petrie* v. *Fisher*, 43 Ill. 442.   *Tedrick* v. *Wells*, 59 Ill. App. 657.

The plaintiff's exceptions must be overruled, and the defendants' exceptions must be sustained; and it is

*So ordered.*