FREDERICK HOOD v. EDWARD SPAETH ET AL.

1. The District Court of Newark has jurisdiction in an action on a replevin bond to render judgment for a penal sum of $200, with assessment of the real sum or amount of damages due for breach of the condition of the bond.
2. Mistake in the form of the judgment may be amended in that court, or ordered on appeal.
3. The return to the original action showing a non-suit, the order for a writ *de retorno habendo,* the return of the writ without the goods, are sufficient proof of a breach of the condition of the bond.

On *certiorari* to the Court of Common Pleas of the county of Essex, in an appeal from the Second District Court of Newark.

This action was brought on a replevin bond, dated February 11th, 1886, in the penal sum of $200, made by the defendants to the sheriff of Essex county in an action of replevin in the Court of Common Pleas of said county, wherein Edward Spaeth was plaintiff and said Frederick Hood defendant. There was a judgment of non-suit, the bond was assigned to the defendant Hood by the sheriff, and action brought thereon, in which judgment was given for the plaintiff, and affirmed, on appeal, by the Court of Common Pleas.

Argued at June Term, 1888, before Justices SCUDDER and REED.

For the plaintiff, *A. Struble.*

For the defendants, *Henry B. Taylor.*

The opinion of the court was delivered by

SCUDDER, J. In the action on this replevin bond judgment was given for the plaintiff, against the principal and his sureties, for $125 damages, which the court adjudged to be the value of the goods replevied, and $11.13 costs of that suit. This was afterwards amended, on motion, and the amount increased to $157.21, so as to include the costs of the action of replevin, to which were added the costs in the District Court. The Court of Common Pleas affirmed this judgment, with costs, on the appeal, and ordered that the judgment be amended in form so that it should appear that it was given for the penalty of the bond ($200), and that the real sum or amount of damages which were adjudged therein to have been sustained by the plaintiff Hood was the sum of $157.21, beside costs.

The jurisdiction of the judge of the District Court to give such judgment, and the amendment in the Court of Common Pleas are the first grounds of objection. By the special act constituting the District Courts of the city of Newark (*Pamph. L.* 1873, *p.* 246, § 5), the civil jurisdiction theretofore exercised by or conferred on justices of the peace within the corporate limit of the city of Newark, under and by virtue of existing statutes, was vested in these courts. At that time an action could be maintained in the courts for the trial of small causes before a justice of the peace, in debt on a replevin bond, where the penalty did not exceed the sum of $100. After the case of *Hughes* v. *Hughes, Pen.* 577, the jurisdiction of the justice's court was increased from $60 to $100, and so remained at the time these District Courts were constituted. In 1878 (*Pamph. L., p.* 162), this jurisdiction of all District Courts, created by special statute, was extended to every suit of a civil nature at law, in which the debt, balance or other matter in dispute did not exceed, exclusive of costs, the sum or value of $200. Under this statute the District Court could entertain this action and render judgment for the penalty of the replevin bond.

The amendment in the amount of the judgment was prop-

·erly made in the District Court on notice and hearing given
to the defendant; and, on appeal, the Court of Common Pleas
·could review, amend and correct any error in law in the judg-
ment and order judgment in the form which the court below
should have used.   *Fraley* v. *Feather*, 17 *Vroom* 429; *Bron-
·son* v. *Schultun*, 104 *U. S.* 410; *Pamph. L.* 1873, *p.* 248, §
12; *Hasbrouck* v. *Winkler*, 19 *Vroom* 431; *Haines* v. *Roe-
·buck*, 18 *Id.* 227.

The next cause assigned for reversal is that there was not
legal proof of the forfeiture of the replevin bond.   It appears,
in the case settled by the judge of the District Court, that on
the 15th day of September, 1886, a judgment of non-suit, with
·costs, was given in the original action, and on the day fol-
lowing an order for the issuing of a writ *de retorno habendo*
was entered, and that the writ was issued accordingly, and
·returned that the goods and chattels in question had been
·eloigned.   Terhune (the assistant clerk) produced the minutes
·or entries of the rule for judgment in that action, and of the
·order for the issuing of the writ *de retorno habendo*; he also
produced the declaration, the plea, the writ *de retorno habendo*,
and the original bills of costs taxed in the action, the aggre-
gate amount being $33.38.   This judgment and return were
·entered under section 18 of the "Act to regulate the action of
·replevin" (*Rev., p.* 974), which says "that if the plaintiff
shall be non-suit for failure to file his pleadings or to bring on
the trial of the cause as required by law, the court, besides a
judgment of non-suit, shall, in all cases, except where the
taking was as a distress for rent, award a return of the goods
·and chattels to the defendant, if they have not been re-
·delivered to him by the sheriff or coroner, and the defendant
shall thereupon be entitled to his costs and the same remedy
in all respects, upon the replevin bond, as he would be entitled
to on the awarding of the return of the goods and chattels on
the verdict of a jury."   The proof of the record says there
was an order for the issuing of a writ *de retorno habendo*, and
that the writ was issued accordingly; this is equivalent to
awarding a return of the goods and chattels to the defendant.

There is therefore nothing in the objection that there was shown no judgment or order for the writ. We are dealing with the record of a court having a general common law jurisdiction, under whose authority a writ for the goods replevied has been issued and a return made. In a collateral proceeding *omnia præsumuntur rite et solemniter esse acta.* We are bound to presume that the writ regularly followed the judgment or order of the court. The condition of the bond is for prosecuting the suit with effect and without delay, and for duly returning the said goods and chattels in case a return shall be awarded. There has been a breach of this condition shown by a judgment of non-suit for failure to prosecute with effect and without delay, and for omission to return on the award made. An action may therefore be brought on the bond for breach. *Wright* v. *Quirk,* 105 *Mass.* 44 ; *Wells on Rep.* 423.

By section 25 of the act to regulate replevin, if the plaintiff be non-suit, the court, instead of awarding a return of the goods and chattels, shall, on the application of the defendant, and upon a suggestion of property in such defendant, award a writ of inquiry to ascertain the value and damages. This course is taken only on the application of the defendant, and he may have his common law remedy *de retorno habendo* secured to him by the former section, with costs, if he prefer it. It is said that the principles of the common law incline to favor a return in all cases where the plaintiff has obtained delivery of the goods upon his suit and for any cause failed to prosecute his suit to a successful issue, and these principles obtain generally in all the states. *Wells on Rep.,* § 495. Therefore, the choice is given, by our statute, to one whose goods have been taken, either to have the goods returned or their ascertained value. Having failed in this case to obtain his property by the writ awarded to him he is entitled to an action on the bond, which is given not only to indemnify the officer making deliverance of the goods, but to secure the defendant against loss by the removal of his property ; it affords a cumulative remedy if the goods be not returned. *Frazier* v. *Fredericks,* 4 *Zab.* 162, 171.

The action having been properly brought in the District Court for breach of the condition of the bond appearing in the record of the Court of Common Pleas, in the original suit, judgment should be entered for the penalty of the bond, with an assessment of damages, either by the judge or a jury, if demanded, including the value of the goods, interest thereon from the judgment of a return, damages for the taking and detention, if any be shown, and costs in the original action. *Peacock* v. *Haney*, 8 *Vroom* 179; *Caldwell* v. *West*, 1 *Zab.* 411. This is the measure of compensation to which the defendant is entitled, and it has been given to him.

The error in omitting to make the formal entry of judgment for the penalty of the bond having been corrected by the Court of Common Pleas, on appeal, the facts being conclusively settled on legal proofs in the District Court (*Benedict* v. *Howell*, 10 *Vroom* 223), and no further errors in law appearing on the record, the order of the Court of Common Pleas for judgment will be affirmed.